Timothy J. O'Hanlon, OSB No. 87309
MAUTZ BAUM & O'HANLON, LLP
101 SE BYERS AVE
PO BOX 628
PENDLETON OR 97801-0628
Telephone: (541) 276-2811
Fax:        (541) 276-0543
E-mail:    mbo@mautzetal.com
      Attorneys for Defendant Frank J. Spokas, Jr., M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| GLENN H. SONSTENG, Personal Representative of the Estate of EDNA M. SONSTENG, Deceased, | ) ) ) ) | Civil No. 3:06-CV-476-SU |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM IN SUPPORT OF DEFENDANT SPOKAS' MOTION TO DISMISS AND OR STRIKE (Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)) |
| THE DOMINICAN SISTERS OF ONTARIO, INC., an Oregon non-profit corporation, dba HOLY ROSARY MEDICAL CENTER; JOSEPH J. BOYLE, M.D., and FRANK J. SPOKAS, M.D., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## I.    RULE 12(b)(6) MOTION TO DISMISS SURVIVAL ACTION

      Because the original plaintiff in this case passed away after she filed

this negligence action, the court has allowed amendment to substitute the

1 - MEMORANDUM IN SUPPORT OF DEFENDANT SPOKAS' MOTION TO DISMISS
    AND/OR STRIKE  (Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)
                                     (Case No. 3:06CV-476-SU)
      G:\NWP\1739-106\PLD\MEM-SPT-R-12-MOT.doc

personal representative as plaintiff.  Fed. R. Civ. P. 25(a)(1).  In addition to naming the personal representative as plaintiff, the complaint amendment added a wrongful death claim.   Plaintiff now captions his action as one for "SURVIVAL AND WRONGFUL DEATH".  Defendant Spokas moves to dismiss Plaintiff's survival action on the ground it fails to state a claim.  Because plaintiff alleges the negligence caused the decedent's death, plaintiff must recover damages under the wrongful death statute.

Two statutes are relevant: ORS 30.020 and ORS 30.075.  ORS 30.020 governs wrongful death actions.   The statute provides the personal representative may pursue a claim for the benefit of specified individuals when the death of a person is caused by the wrongful act or omission of another.    Plaintiff alleges Defendants caused Ms. Sonsteng's death. Amended Complaint, para. 4.

ORS 30.075, Oregon's survival statute, provides that an action does not abate upon the plaintiff's death.  Thus, if a plaintiff dies while an action is pending, the personal representative can continue the action for the benefit of the decedent's estate.

Actions for damages when the defendant's behavior did not cause plaintiff's death clearly fall within ORS 30.075.  However, ORS 30.075(3) makes it clear this survival statute does not apply to damages for wrongful death.  The subsection provides:

> If an action for wrongful death under ORS 30.020 is brought, recovery of damages for disability, pain, suffering and loss of income during the period between injury to the decedent and the resulting death of the decedent **may only be recovered in the wrongful death action,...** [Emphasis added.]

The Oregon Legislature added subsection 3 to ORS 30.075 in 1995. Cases decided before the 1995 amendment held ORS 30.075 could apply to actions based on behavior that caused the plaintiff's death. See e.g. *Roe v. Pierce,* 102 Or App 152, 794 P2d 4 (1990), *vacated* 313 Or 228 and *Doe v. American Red Cross,* 128 Or App 38, 43 at n. 5, 874 P2d 828 (1994) *aff'd* 322 Or 502 approving of the relevant language in *Roe.* However, no Oregon appellate decision has interpreted the subsection 3 language.

*Portland General Elec. Co. v. Bureau or Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993) describes the rules applicable to judicial interpretation of a statute. The court's task is to determine the legislature's intent by examining the statute's text and context. If the legislature's intent is clear from the inquiry into text and context, further inquiry is unnecessary. *Id.* at 611.

The statutory language in ORS 30.075(3) is unambiguous. Damages for pain and suffering and loss of income may only be recovered in a wrongful death action. Restricting recovery of these non-economic damages to a wrongful death claim is significant because of application of the cap on non-economic damages.

ORS 31.710 limits non-economic damage awards to $500,000. However, the non-economic damage cap in ORS 31.710 does not apply to all actions. The cap is unconstitutional as applied to actions in which the plaintiff would have had a right to a jury trial in 1857 when Oregon adopted its Constitution. *Lakin v. Senco Products, Inc.,* 329 Or 62, 78, 987 P2d 463 (1999). Under *Lakin,* the statutory cap is not applicable to common law claims for negligence. The statutory cap is, however, applicable to wrongful death actions. *Greist v. Phillips,* 322 Or 281, 906 P2d 789 (1995); *Hughes v. PeaceHealth,* 204 Or App 614, 617-618, 131 P3d 798 (2006), *rev allowed* 139 P3d 258.

Plaintiff's amended complaint does not clearly delineate his survival and wrongful death claims. However, the amended complaint clearly alleges entitlement to non-economic damages based on both claims. Paragraph 8 alleges non-economic damages in the sum of $5,000,000, an amount clearly in excess of the statutory cap. The ¶ 8 damages appear to be claimed based on plaintiff's survival action. Paragraph 9 alleges non-economic damages of $500,000, an amount consistent with the cap on wrongful death damages. Defendant Spokas moves to dismiss the allegations supporting Plaintiff's survival action.

The court should grant a motion to dismiss under Rule 12(b)(6) when the plaintiff cannot prove any set of facts that would entitle him to relief.

*C.O. v. Portland Public Schools,* 406 F Supp 2d 1157, 1161 (D Or 2005). Paragraph 8 of the amended complaint alleges damages plaintiff cannot recover. Plaintiff cannot prove any set of facts which would entitle him to recover non-economic damages in a survival action under ORS 30.075. The court should dismiss plaintiff's claim for damages based on a survival action.

## II.   MOTION TO STRIKE PARAGRAPH 8 NON-ECONOMIC DAMAGE ALLEGATION.  Fed. R. Civ. 12(f).

Because Plaintiff's Amended Complaint does not clearly delineate allegations applicable to his survival action and those applicable to his wrongful death action, Defendant Spokas moves for an order striking the paragraph 8 allegation of entitlement to "non-economic damage in the sum of $5,000,000." The paragraph 8 damage allegation is immaterial and this court should strike it.

An immaterial allegation is one that has no relationship to the claim for relief. *Pratt v. Phoenix Home Life Mut. Ins. Co.,* 285 BR 3, 6 (D Or 2001). When a party cannot recover the damages alleged, the allegation is immaterial and the court should strike it. *Id.* at pp. 6-7, (ordering stricken a pleading of attorney fees when no attorney fees are recoverable). Based on the above authority, plaintiff cannot recover non-economic damages in excess of $500,000. This court should strike plaintiff's paragraph 8 $5,000,000 non-economic damage allegation.

*//////*

## III.    RULE 12(b)(6) MOTION TO DISMISS COUNT II.

Plaintiff's Count II is captioned:  "UNDISCOVERED NEGLIGENCE WITHIN FIVE YEARS OF THE FILING OF THIS COMPLAINT".   The only allegation in Count II that is not already included in Count I is that defendants "received further notice of" the February 2000 x-ray and were "again negligent in failing to call these findings to decedent's attention." Count II is nothing more than an allegation of negligence occurring allegedly during continuing treatment.   Count II does not state a new or different claim against defendants.

Further, the ¶ 11 allegations in Count II serve no purpose.  The only function of Count II is to avoid the 5-year statute of ultimate repose applicable to medical malpractice actions.   ORS 12.110(4).   The decedent's treatment occurred in February, 2000.  Amended Complaint, ¶ 3.  She filed her action in April, 2006, more than 5 years after treatment.  Application of the statute of limitations will be a factual issue in this case.   Plaintiff has alleged a misleading misrepresentation to bring the action within the tolling provisions of ORS 12.110(4).  Amended Complaint, ¶ 8.

Although a misleading misrepresentation may toll the statute of limitations, alleged negligence during alleged continuing treatment will not extend the statute of ultimate repose.  *Ubrick v. Suburban Medical Clinic, Inc.,* 141 Or App 452, 457, 918 P2d 453 (1996), *rev den* 329 Or 287.  Therefore,

//////

6 -  MEMORANDUM IN SUPPORT OF DEFENDANT SPOKAS' MOTION TO DISMISS
       AND/OR STRIKE  (Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f))
                                                    (Case No. 3:06CV-476-SU)

            G:\NWP\1739-106\PLD\MEM-SPT-R-12-MOT.doc

Count II neither alleges a reason for avoidance of the statute of limitations nor states a separate claim against defendants.  This court should dismiss it.

DATED this __2nd__ day of October, 2006.

MAUTZ BAUM & O'HANLON, LLP

By: __/s/ Timothy J. O'Hanlon__
    Timothy J. O'Hanlon
    OSB No. 87309
    Attorneys for Defendant
      Frank J. Spokas, M.D.
    (541) 276-2811

7  -  MEMORANDUM IN SUPPORT OF DEFENDANT SPOKAS' MOTION TO DISMISS
    AND/OR STRIKE  (Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)
                (Case No. 3:06CV-476-SU)
    G:\NWP\1739-106\PLD\MEM-SPT-R-12-MOT.doc

RE:                    **SONSTENG v. THE DOMINICAN SISTERS OF ONTARIO, INC.,**
                       **SPOKAS, ET AL**
CASE NO.:              **3:06-CV-476-SU**
DOCUMENT:              **MEMORANDUM IN SUPPORT OF DEFENDANT SPOKAS'**
                       **MOTION TO DISMISS AND OR STRIKE (Fed R. Civ. P. 12(b)(6)**
                       **and 12(f))**

### CERTIFICATE - TRUE COPY

I HEREBY CERTIFY that the foregoing copy of the above-named document(s) is a complete and exact copy of the original.

MAUTZ BAUM & O'HANLON, LLP
Attorneys for Defendant Spokas


By:_____
       Timothy J. O'Hanlon
==================================================================

### CERTIFICATE(S) OF SERVICE

**Electronic Filing/Mailing:**

I HEREBY CERTIFY that I served the above-named document(s) on the following by electronic filing and by mailing a **TRUE COPY** thereof, certified by me as such, contained in a sealed envelope with postage fully prepaid, addressed to the last known address and deposited in the post office at Pendleton, Oregon, on October 2, 2006:

MR BERNARD JOLLES                      Attorneys for Plaintiff Sonsteng
JOLLES & BERNSTEIN PC
721 SW OAK ST 2ND FLR
PORTLAND OR  97205

MR CARL BURNHAM JR                     Attorneys for Defendant Dominican
YTURRI ROSE LLP                            Sisters of Ontario, Inc.
89 SW 3RD AVE
PO BOX S
ONTARIO  97914

MR DAVID C LANDIS                      Attorney for Defendant Boyd, M.D.
ATTORNEY AT LAW
1515 SW 5TH AVE  #844
PORTLAND OR  97201

                                       MAUTZ BAUM & O'HANLON, LLP
                                       Attorneys for Defendant Spokas

                                       By:  _/s/ Timothy J. O'Hanlon_____
                                            Timothy J. O'Hanlon

8  -  MEMORANDUM IN SUPPORT OF DEFENDANT SPOKAS' MOTION TO DISMISS
       AND/OR STRIKE  (Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)
                                       (Case No. 3:06CV-476-SU)
       G:\NWP\1739-106\PLD\MEM-SPT-R-12-MOT.doc