**David C. Landis,** OSB 62050
landis@dclandis.com
1515 SW Fifth Avenue, Suite 844
Portland OR  97201-5447
(503) 224-5680 Telephone
(503) 224-5826 Facsimile
    Attorney for Defendant Boyle

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| EDNA M. SONSTENG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  CV06 476 KI |
| | ) | |
| v. | ) | |
| | ) | |
| THE DOMINICAN SISTERS OF ONTARIO, | ) | MEMORANDUM IN SUPPORT |
| INC., an Oregon non-profit corporation, dba | ) | OF MOTIONS TO  DISMISS |
| Holy Rosary Medical Center; JOSEPH J. | ) | AMENDED COMPLAINT |
| BOYLE, M.D.; and, FRANK J. SPOKAS, M.D., | ) | by Defendant Boyle |
| | ) | |
| Defendants. | ) | |

**1.**	**The amended complaint does not state a claim for a survival action.  The amended complaint alleges a claim for wrongful death, *i.e.*, that the negligence of the defendants caused the death of the decedent.**

Plaintiff Edna Sonsteng originally filed an injury action in which the theory of recovery was professional negligence (medical malpractice).  Ms. Sonsteng then died.  The personal representative of her estate was appointed, and was substituted as the party plaintiff.  An amended complaint was filed.  The first count of the amended complaint alleges as follows.

On February 24, 2000, the decedent was admitted to the Emergency Room at Holy Rosary Medical Center (HRMC) with abdominal pain and gastrointestinal symptoms.  She came under the care

of defendant Boyle who evaluated her and ordered, among other tests, a chest x-ray and an ultrasound. Dr. Boyle referred decedent to defendant Spokas who diagnosed acute cholecystitis and prescribed a laparoscopic cholecystectomy. The decedent was discharged from HRMC the following day. *Paragraph 3.*

Defendants negligently failed to read and evaluate the chest x-ray, and as a result misleadingly impliedly represented to decedent that her chest x-ray was normal and had no abnormal findings. In fact, the x-ray showed a mass, and the report of the interpretation of the x-ray recommended a CT of the chest for further evaluation. The defendants failed to further evaluate the mass. The mass was a malignant tumor. The decedent did not discover the tumor and her cancerous condition until January, 2006. *Paragraph 4.* The decedent died as a result of the negligence of the defendants on July 4, 2006. *Paragraphs 1, 4,* and *8*.

The decedent sustained noneconomic damage in the sum of $5,000,000 and non-specified medical expenses. *Paragraph 8.* The decedent's heirs and beneficiaries have sustained pecuniary loss in excess of $500,000, and the personal representative incurred unspecified funeral and burial expenses. *Paragraph 9.*

> **2.    If the amended complaint alleges a survival action, as described in the caption, the survival action should be dismissed.**

The amended complaint is described as an action for "SURVIVAL AND WRONGFUL DEATH." *See* LR 10.2(g) (requires a concise description of the nature of the document). In conference with plaintiff's counsel, he has stated that he contends that the nature of the complaint is for wrongful death or in the alternative a survival action for personal injury.

It is the position of defendant Boyle that the amended complaint is an action for wrongful death under ORS 30.020, and that the damages which are alleged are recoverable only in the wrongful

death action.  A wrongful death action is available if the death of the decedent is caused by the tort of the defendant and the decedent might have maintained an action against the wrongdoer for an injury done by the tort had she lived.  ORS 30.020(1).  The damages which are recoverable are set out in ORS 30.020(2)(a)-(e), and include disability, pain, suffering and loss of income during the period between injury to the decedent and the decedent's death.  ORS 30.020(2)(b).

The amount of noneconomic damages that can be recovered in a wrongful death action can not exceed $500,000.  ORS 31.710(1); *Greist v. Phillips*, 322 Or 281, 288-89 (1995); *Hughes v. Peacehealth*, 204 Or App 614, 617, *rev allowed* 139 P3d 258 (2006).

The survival statute, ORS 30.075, provides that causes of action arising out injuries to a person caused by tort do not abate upon the death of the injured person.  The personal representative of the decedent may maintain an action against the wrongdoer if the decedent might have maintained an action against the wrongdoer had the decedent lived.  ORS 30.075(1).

If an action for wrongful death is brought, the damages sustained by the decedent during the period between the injury to the decedent and the resulting death of the decedent may only be recovered in the wrongful death action.  ORS 30.075(3).[1]

The amount of noneconomic damages that are recoverable in a survival statute action can not exceed $500,000.  ORS 31.710(1).[2]  Since the amended complaint alleges that the negligence of the

---

[1] ORS 30.075(3) provides in applicable part:  "If an action for wrongful death under ORS 30.020 is brought, recovery of damages for disability, pain, suffering and loss of income during the period between injury to the decedent and the resulting death of the decedent may only be recovered in the wrongful death action***."

[2] The cap of ORS 31.710 is unconstitutional as applied to actions in which the plaintiff would have had a right to a jury trial in 1857 when Oregon adopted its Constitution.  *Lakin v. Senco Products, Inc.*, 329 Or 62, 78 (1999).  At common law, an action for personal injury abated on the death of the injured party.  An personal injury abatement statute which was enacted in 1862, Deady Code, § 365, *former* ORS 121.010, was declaratory of the common law.  *Schleiger v. Northern Terminal Co.*, 43 Or 4, 10 (1903).  *Former* ORS 121.010 was repealed in

defendants caused the death of the decedent, it is submitted that the amended complaint does not state a claim under the survival statute, and any reference in the amended complaint to a survival action should be stricken.

> **3. The first count of the amended complaint fails to allege a misrepresentation sufficient to toll the limitation statute as to defendant Boyle.**

A wrongful death action arising out of medical malpractice is subject to the limitations established in the wrongful death statute, ORS 30.020. *Baxter v. Zeller*, 42 Or App 873 (1979) (the limitation periods which are included in the wrongful death statute, ORS 30.020, apply to a wrongful death action based on medical malpractice.)

> The limitation period of ORS 30.020(1) provides:
>
> "The action shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered***."
>
> The limitation period is limited by the ultimate repose period, which provides:
>
> "In no case may an action be commenced later than the earliest of:
>
>    (a) Three years after the death of the decedent; or
>    (b) The longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury, including but not limited to the statutes of ultimate repose provided for in ORS 12.110(4), 12.115, 12.137 and 30.905."[3]

---

1965 and the first version of ORS 30.075 was enacted. Or Laws 1965, ch 620 §§ 1, 3 and 4. Accordingly, a personal representative did not have a remedy at common law for injury to the decedent which did not cause the death of the decedent, and thus did not have the right to a jury trial for such a claim.

   [3]The wrongful death statute, ORS 30.020, was amended in 1991 to provide for a discovery rule and to add a statute of ultimate repose. *Kambury v. Daimler Chrysler Corp.*, 173 Or App 372, 375 n 2 (2001), *rev'd on other grounds*, 334 Or 367 (2002), citing Oregon Laws 1991, chapter 608, section 1. The amendment was in response to *Eldridge v. Eastmoreland General Hospital*, 307 Or 500 (1989), which held that the discovery rule did not apply to ORS

ORS 12.110(4) is a limitation statute which applies to a medical malpractice action, and accordingly applies to the conduct causing the injury. ORS 12.110(4) provides for a two-year limitation measured from the date of discovery of injury, subject to an ultimate repose period of five years from the date of treatment.[4] The five-year ultimate repose period is extended if the action was not commenced within five years from the date of treatment because of fraud, deceit or misleading representation. In that case, the limitation period is two years measured from the date of discovery of the fraud, deceit or misleading representation.[5] Thus, as applied to this case, the action may not be commenced later than the earliest of three years after the death of the decedent or the longest of the periods for commencing a medical malpractice action under ORS 12.110(4).[6]

Since the amended complaint alleges that the defendants made misrepresentations to

---

30.020 (1989). *Kambury*, id.

[4]ORS 12.110(4) provides in applicable part: "(4) An action to recover damages for injuries to the person arising from any medical [or] surgical treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the provisions of ORS 12.160, every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered."

[5]In *Duncan v. Augter*, 286 Or 723 (1979), the court described the operation of ORS 12.110(4) as follows: "This statute provides three measures for the timeliness of a damage action for medical or dental malpractice. The first sentence specifies the starting date for the normal two year limitation to be the date when plaintiff's injury is or should have been discovered. The next clause imposes a five year limit measured from the date of defendant's allegedly tortious act or omission. However, if a plaintiff's failure to commence an action within this five year limit can be attributed to 'fraud, deceit or misleading representation,' the final clause allows the plaintiff to sue on the original cause of action for another two years from the date that the deception or misleading representation is or should have been discovered." *Duncan*, 286 Or at 726-27.

[6]The ten-year ultimate repose limitation of ORS 12.115 does not apply to this analysis because the action was commenced less than ten years after the treatment.

PAGE 5    MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF MOTIONS TO DISMISS AMENDED COMPLAINT

plaintiff which caused her to fail to discover her cause of action until January, 2006, the longest period applicable under ORS 12.110(4) is January 2008, two years from the date of discovery of the alleged misrepresentations. January 2008 is earlier than three years after the death of the decedent, *i.e.*, July 2009. Accordingly, if plaintiff proves misrepresentation, the applicable limitation period is two years from the date of discovery of the misrepresentation, January 2008, and the wrongful death action was timely filed.[7]

If plaintiff fails to prove a misrepresentation, the longest period applicable under ORS 12.110(4) is five years from the date of treatment (February 2005 as to defendant Boyle), which is earlier than three years after death (July 2009). Thus, in the absence of proof of a misrepresentation, the five-year ultimate repose period (February 2005) is the limitation period, and the action is time barred. *See Urbick v. Suburban Medical Clinic, Inc.*, 141 Or App 452, 456 (1996), *rev den* 329 Or 287 (1999) (in the absence of misleading representation, the five-year period is absolute).

The first count of the amended complaint fails to allege a misrepresentation sufficient to toll the five-year ultimate repose period as to defendant Boyle. As noted above, the amended complaint alleges that the defendants negligently failed to read and evaluate the chest x-ray, and as a result misleadingly impliedly represented to decedent that her chest x-ray was normal and had no abnormal findings. *Paragraphs 4, 8*.

A misleading representation, for the purposes of ORS 12.110(4), is a representation which misleads a patient into delaying an action based on the negligence of a physician. *Jones v. Salem Hospital*, 93 Or App 252, 262 (1988). A misrepresentation need not be fraudulent or deceitful to toll the limitation statute. A careless or innocent misleading representation is sufficient. *Duncan v. Augter*, 286

---

[7] If the amended complaint is construed to allege a survival action, the limitations established in ORS 12.110(4) also apply since the injury action was commenced prior to the death of the decedent. ORS 30.075(1).

PAGE 6   MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF MOTIONS TO
         DISMISS AMENDED COMPLAINT

Or at 732; *Skuffeeda v. St. Vincent Hospital*, 77 Or App 477, 483 n 4, *rev den* 301 Or 240 (1986). A party need not make an affirmative statement to misrepresent. A physician has an affirmative duty to disclose the results of diagnostic tests to his patient. *Skuffeeda*, 77 Or App at 483 n 3. The participation by a physician in a patient's discharge from the hospital constitutes a representation that x-rays which were taken during the hospital stay showed nothing abnormal. *Skuffeeda*, 77 Or App at 483. An innocent or careless misrepresentation tolls the statute only as to a defendant who is "responsible for the misinformation." *Jones*, 93 Or App at 262, citing *Duncan* and *Skuffeeda*.

An unintentional contemporaneous misrepresentation which simply asserts the proper performance of the medical procedure which is the gravamen of the negligence claim has no tolling effect on the limitation statute. *Duncan*, 286 Or at 732; *Jones*, 93 Or App at 260.

The gravamen of the allegations of negligence against Dr. Boyle is that Dr. Boyle was negligent in failing to read the report of the chest x-ray and act upon it. Accordingly, innocent or careless contemporaneous failure to disclose the results of the chest x-ray did not toll the statute.

However:

> "[C]ontemporaneousness ends when the maker of the representation knows or has reason to know information which he did not have at the time of the negligently performed procedure or its immediate aftermath and which reasonably indicates that something in the performance of or related to the procedure went wrong." *Jones*, 93 Or App at 266.

There is no allegation that Dr. Boyle participated in the care of the patient after she left the emergency room. There is no allegation that Dr. Boyle made a misrepresentation to the patient at the time of her discharge, and there is no allegation that Dr. Boyle made a misrepresentation to her at any time after she was discharged. Thus, there is no allegation that defendant Boyle made a misrepresentation to the patient after contemporaneousness had ended. Accordingly, the first count of the amended complaint does not allege a misrepresentation sufficient to toll the ultimate repose period, five years from the date of

treatment, as to defendant Boyle.

> **4.    The second count, which alleges negligence two years after the date of treatment, fails to allege facts sufficient to toll the ultimate repose period, five years from the date of treatment, as to defendant Boyle.**

The second count alleges that in July, 2002, defendants received further notice of the existence and findings of the February 25, 2000 chest x-ray, and negligently failed to call these findings to the attention of the decedent. *Count II, Paragraph 11.* The second count does not allege a misrepresentation as to defendant Boyle. As noted above, if plaintiff fails to prove a misrepresentation as alleged in *Count I*, the applicable limitation period is five years from the date of treatment. ORS 12.110(4); *Urbick*, 141 Or App at 456. In that case, five years from the date of treatment, *i.e.*, February 2005, is earlier than three years after the death of the decedent, July 2009, and the wrongful death action, filed in 2006, is time barred.

Thus, the second count does not allege a viable alternative theory for bringing plaintiff's action within the statute of limitations.

    s/ David C. Landis
David C. Landis, OSB No. 62050
(503) 224-5680
Attorney for Defendant Boyle

## CERTIFICATE OF SERVICE

I certify that I served the foregoing MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS AMENDED COMPLAINT on:

Bernard Jolles
Jolles & Bernstein PC
721 SW Oak Street, 2nd Floor
Portland OR  97205-3791
**Facsimile No. 503-228-0836**
  ATTORNEYS FOR
  FOR PLAINTIFF

Carl Burnham, Jr.
Yturri Rose, LLP
PO Box S
Ontario OR  97914
**Facsimile No. 541-889-2432**
  ATTORNEYS FOR
  DEFENDANT HOLY ROSARY MEDICAL CENTER

Timothy J. O'Hanlon
Mautz Baum & O'Hanlon LLP
PO Box 628
Pendleton, OR  97801-0628
**Facsimile No. 541-276-0543**
  ATTORNEYS FOR
  DEFENDANT SPOKAS

on October __10__, 2006:  via facsimile transmission and regular U.S. Mail, contained in a sealed, postage-paid envelope, addressed to counsel of record as shown above, and deposited with the Port Office at Portland, Oregon on said date.

     _____s/ David C. Landis_____
     David C. Landis, OSB No. 62050
     (503) 224-5680
     Attorney for Defendant Boyle

PAGE 9  MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF MOTIONS TO
     DISMISS AMENDED COMPLAINT