Carl Burnham, Jr., OSB 64008
cburnham@yturrirose.com
Karen V. Wiggins, OSB 85440
YTURRI ROSE, LLP
P O Box 'S'
Ontario OR  97914
Telephone: (541) 889-5368
Facsimile: (541) 889-2432

 Of Attorneys for Defendant The Dominican Sisters
Of Ontario, Inc. Dba Holy Rosary Medical Center

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **EDNA M. SONSTENG,**<br><br>           Plaintiff,<br><br>    -vs-<br><br>**THE DOMINICAN SISTERS OF ONTARIO, INC.,** an Oregon non-profit corporation, dba, **HOLY ROSARY MEDICAL CENTER; JOSEPH J. BOYLE, M.D.,** and **FRANK J. SPOKAS, M.D.,**<br><br>           Defendants. | Case No. CV06 476 SU<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>(By Defendant The Dominican Sisters of Ontario, Inc. dba Holy Rosary Medical Center) |

1.  The amended complaint does not state a claim for a survival action.  The amended complaint alleges a claim for wrongful death, i.e., that the negligence of the

**defendants caused the death of the decedent.**

The allegations against defendant Holy Rosary Medical Center (hereinafter HRMC) are identical to the allegations against defendant Boyle. There are no allegations against HRMC independent of physician conduct. The only conceivable theory alleged against defendant HRMC is one of vicarious liability for the conduct of its alleged employees and agents. (Amended Complaint, para. 5). Accordingly, defendant HRMC relies upon and incorporates by reference the memorandum in support of defendant Boyle's Motions to Dismiss Plaintiff's amended complaint.

2. **If the amended complaint alleges a survival action, as described in the caption, the survival action should be dismissed.**

Defendant HRMC relies upon and incorporates by reference the memorandum in support of defendant Boyle's Motions to Dismiss Plaintiff's amended complaint.

In addition to the memorandum in support of defendant Boyle's Motions to Dismiss, defendant HRMC makes the following additional points and authorities in support of dismissing plaintiff's survival claim.

In 1995, the survival action statute, ORS 30.075, was amended to make clear that it applies only to cases where a person suffered injuries allegedly caused by a defendant and then died of unrelated causes. ORS 30.075 reads:

Page 2 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
(332006/cw/d2/12Oct06)

"Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived against the wrongdoer for an injury done by the same act or omission.

\* \* \*

(3) <u>Subsection (2) of this section does not apply to an action for damages arising out of the injuries that result in death</u>. If an action for wrongful death under ORS 30.020 is brought, recovery of damages for disability, pain, suffering and loss of income during the period between injury to the decedent and the resulting death of the decedent may only be recovered in the wrongful death action, and the provisions of subsection (2) of this section are not applicable to recovery." (<u>emphasis added</u>).

The purpose of the amendment to ORS 30.075 was to "make clear that the subsection does not apply to an action for damages arising out of injuries that result in death. . . This was to resolve the problem that existed where actions under the survival statute were being brought in conjunction with wrongful death claims as a means of recovering attorney fees. The language . . . here resolves that problem." (Tape recording, comments of Committee Council, Max Williams, Senate Judiciary Subcommittee on Civil Process, tape 44, side A, 238-264, April 24, 1995).

The wrongful death statute was also amended in 1995. The legislature deleted the language "The court shall reduce recovery under this section by the amount of recovery, if any, by the decedent or the decedent's personal representative under ORS 30.075

because of the act or omission which caused the decedent's death". (Tape Recording, comments of Committee Counsel Max Williams, Senate Judiciary Subcommittee on Civil Process, Tape 44, Side A, 264-274, April 24, 1995). This language was deleted in order to coordinate the wrongful death statute with the above amendments to the survival statute.

Taken together, the plain language of these statutes make clear that plaintiff has not alleged a survival action against defendant HRMC. Plaintiff's claim is for wrongful death. As such, his survival action should be dismissed as plaintiff has failed to state a claim for recovery.

3. **The first count of the amended complaint fails to allege a misrepresentation sufficient to toll the limitation statutes as to defendant HRMC.**

Plaintiff has alleged the same misleading representation against all defendants in an attempt to toll the ultimate repose statute. (amended complaint para. 4). Accordingly, defendant HRMC relies upon and incorporates by reference the memorandum in support of defendant Boyle's Motions to Dismiss Plaintiff's amended complaint.

4. **The second count, which alleges negligence two years after the date of treatment, fails to allege facts sufficient to toll the ultimate repose period, five years**

**from the date of treatment, as to defendant HRMC.**

Defendant HRMC relies upon and incorporates by reference the memorandum in support of defendant Boyle's Motions to Dismiss Plaintiff's amended complaint on file with the court. The second count, as with defendant Boyle, does not allege any misrepresentation as to defendant HRMC. Absent such, plaintiff cannot extend the five year ultimate repose period. The court made clear in the case of <u>Urbick v Suburban Medical Clinic, Inc.</u>, 141 Or App 452, 457, 918 P2d 453 (1996) that in the absence of fraud, deceit or misleading representation, the five year period is absolute. <u>Id</u> at 456. Therefore, Court II of plaintiff's amended complaint should be dismissed for failure to state a claim.

DATED this 12 day of October, 2006.

YTURRI ROSE, LLP

_____
Karen V. Wiggins, OSB 85440
Carl Burnham, Jr.
OSB #64008
Telephone: 541/889-5368
Of Attorneys for Defendant The Dominican Sisters of Ontario, Inc. dba Holy Rosary Medical Center

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  12  day of October, 2006, I caused to be served a true copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS by the method indicated below,

    X    U.S. Mail, Postage Prepaid
    ___  Hand Delivered
    ___  Overnight Mail
    ___  Facsimile Transmission
    ___  Electronic Submission

and addressed to each of the following individuals:

Bernard Jolles
Jolles & Bernstein PC
721 SW Oak Street
Portland, OR 97205
 Of Attorneys for Plaintiff


Mr. Timothy J. O'Hanlon
Mautz Baum & O'Hanlon LLP
PO Box 628
Pendleton, OR 97801-0628
 Of Attorneys for Defendant Spokas

David C. Landis
Attorney at Law
1515 SW 5th Ave #844
Portland, OR 97201
   Attorney for Defendant Boyle


                        YTURRI ROSE LLP
                        _____
                        Of Attorneys for Defendant The Dominican
                        Sisters of Ontario, Inc. dba Holy Rosary
                        Medical Center

CERTIFICATE OF SERVICE