Carl Burnham, Jr., OSB 64008
cburnham@yturrirose.com
Karen V. Wiggins, OSB 85440
YTURRI ROSE, LLP
P O Box 'S'
Ontario OR  97914
Telephone: (541) 889-5368
Facsimile: (541) 889-2432

 Of Attorneys for Defendant The Dominican Sisters
 Of Ontario, Inc. Dba Holy Rosary Medical Center

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **GLENN H. SONSTENG, Personal Representative of the Estate of EDNA M. SONSTENG, Deceased,**<br><br>            Plaintiff,<br><br>     -vs-<br><br>**THE DOMINICAN SISTERS OF ONTARIO, INC.**, an Oregon non-profit corporation, dba, **HOLY ROSARY MEDICAL CENTER; JOSEPH J. BOYLE, M.D.,** and **FRANK J. SPOKAS, M.D.,**<br><br>            Defendants. | Case No. CV06 476 SU<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HOLY ROSARY MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>(By Defendant The Dominican Sisters of Ontario, Inc. dba Holy Rosary Medical Center)<br><br>**REQUEST FOR ORAL ARGUMENT** |

///

Page 1 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HOLY ROSARY MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
(332006/cw/d3/19Jan07)

**Motion 1 (Defendant HRMC's Motions 1 and 2)**

The two cases relied upon by plaintiff in support of his position that plaintiff can plead both a survival and a wrongful death claim are distinguishable and inapplicable for the following reasons.

In <u>Roe v. Pierce</u>, 102 Or App 152, 794 P2d 4 (1990), the issue before the court was whether two separate lawsuits, one based on the survival statute and one based on the wrongful death statute, were an attempt to manipulate recovery to benefit the decedent's wife and not his children from a former marriage. In rendering its decision, the Court of Appeals relied upon the "double recovery" language in former ORS 30.020 to hold in "dicta" that the survival statute could be applied in a situation where the suit was for injuries that caused death. The court explained:

> "This interpretation is supported by the fact that neither statute (ORS 30.020 or ORS 30.075) contains the express limitation argued for by appellants. If the legislature had intended differently, it could have said so." *Id* @ 157.

The double recovery language referred to by the court in former ORS 30.020(3) has been eliminated. The 1995 amendments to the survival and wrongful death statutes (Or Laws 1995, Ch 618 §19; Or Laws 1995, Ch 618, §21) previously cited in defendant Holy Rosary Medical Center's opening motion unequivocally reflect that the legislature now intends a different result than the one

obtained in Roe.

In Doe v. American Red Cross, 128 Or App 38, 874 P2d 828 (1994), the issue for the court was which of two statutes of limitations applied: The statute of limitations under 12.110, or the wrongful death statute of limitations specified in ORS 30.020. After a lengthy analysis, the court found plaintiff (who had received blood tainted with the HIV virus) filed his complaint prior to death and the action was continued after his death by the personal representative and concluded the applicable limitations period was ORS 12.110, not the wrongful death statute of limitations. Again, this case is not directly on point with the issue presented in the present case by defendant HRMC's motions to dismiss. Moreover, the case was decided prior to the statutory amendments of 1995 and the legislative history supporting the reasons to break the practice of pleading claims under both the survival statute and the wrongful death statute as a means of recovering attorney fees.

Plaintiff has provided nothing in his responding brief to contradict the legislative history and reasoning for the statutory changes to ORS 30.075 and ORS 30.020 reflecting that survival actions are separate and distinct from wrongful death actions. Plaintiff has pled in his complaint that the defendants' negligence caused the decedent's death. Both Roe and Doe were decided before

Page 3 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HOLY ROSARY MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
(332006/cw/d3/19Jan07)

the statutory amendments to ORS 30.075 and ORS 30.020. As such, defendant HRMC's motion to dismiss plaintiff's survival action should be granted.

Finally, plaintiff has provided no case or argument refuting defendant Boyle's analysis in footnote 2 on page 3 (which Defendant HRMC relied upon and incorporated by reference in its motion to dismiss), that if Plaintiff is entitled to maintain a survival action, Plaintiff's non-economic damages cannot exceed $500,000. The Hughes v. Peacehealth, 204 Or App 614, 131 P3d 798, *rev granted*, 341 Or App 140 (2006) case to which plaintiff cites involves the $500,000 cap in a wrongful death context. It does not involve a survival action.

**Motion 2 (Defendant HRMC's Motion 3)**

Defendant Holy Rosary Medical Center is somewhat at a disadvantage in replying to plaintiff's response as it does not know from the amended complaint for whom plaintiff claims the hospital is responsible. As set forth in its opening brief, the allegations against defendant Holy Rosary Medical Center are identical to the allegations against defendant Boyle. Further, there are no allegations against Holy Rosary Medical Center independent of physician conduct. The only conceivable theory alleged against defendant Holy Rosary Medical Center is one of vicarious liability for the conduct of its alleged employees and

Page 4 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HOLY ROSARY MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
(332006/cw/d3/19Jan07)

agents. Working under that assumption, defendant Holy Rosary Medical Center replies to plaintiff's response as follows.

Plaintiff argues in his responding brief that the "negligence charged with respect to all three defendants has nothing to do with ...failing to read that x-ray in connection with decedent's gallbladder surgery...". However, the allegations against defendant HRMC in plaintiff's Amended Complaint are plainly to the contrary. As previously argued, to extend the five year statute of ultimate repose, defendant must be responsible for the representation, the representation must not be contemporaneous with the treatment at issue and the representation must concern something other than the careful performance of the treatment at issue. Duncan v. Augter, 286 Or 723, 596 P2d 555 (1979). The "gravamen" of a complaint is its predominant characteristic of the claim. Weston v. Camp's Lumber and Building Supply, Inc., 205 Or App 347, 366 135 P3d 331 (2006).

In the present case, the alleged misleading representation asserted by plaintiff against all defendants is that defendants impliedly represented (by non-disclosure) to decedent that "there were no abnormalities or conditions in her chest x-ray which needed to be further evaluated." (Plaintiff's Complaint, Page 7, Paragraph 8). The predominant characteristic of the allegations of negligence against defendant Holy Rosary Medical Center in

paragraph 5 has to do with the proper performance and follow up of the medical procedure (i.e., chest x-ray) which is the subject or "gravamen" of Plaintiff's negligence claim. Under <u>Duncan</u>, *supra*, and <u>Jones v. Salem Hospital</u>, 93 Or App 252, 762 P2d 303 (1988), the unintentional representation by non-disclosure alleged by plaintiff has no tolling effect on the statute of ultimate repose.

Plaintiff next attacks the contemporaneousness of the alleged misleading representation claiming that the alleged misleading representation was not contemporaneous with the treatment at issue. Plaintiff is wrong.

In <u>Skuffeeda vs. St. Vincent Hospital and Medical Center</u>, 77 Or App 477, 483, 714 P2d 235 (1986), a case involving this very issue, the court "implicitly concluded that the defendants' (physicians') statements or non-disclosures <u>through the time of plaintiff's discharge from the hospital</u> were contemporaneous with the alleged negligence in connection with the x-ray procedures". *See*, <u>Jones v. Salem Hospital</u>, 93 Or App 252, 265, 762 P2d 303 (1988) (<u>emphasis added</u>). A representation is contemporaneous if it is related temporally or otherwise in such a way that the representation simply espouses a satisfactory performance of the treatment at issue. <u>Jones</u> *at* 266.

Defendant Holy Rosary Medical Center can only be responsible for its agents/employees. Its responsibility ends at the discharge

Page 6 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HOLY ROSARY MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
(332006/cw/d3/19Jan07)

of the patient. The alleged misleading representation of non-disclosure could only be made (for purposes of this defendant) during plaintiff's hospitalization on February 24, 2000 until her discharge on February 25, 2000, during which time the chest x-ray at issue was performed. As set forth in <u>Skuffeeda</u>, *supra*, contemporaneousness includes statements or non-disclosures in connection with the patient's treatment <u>through the time of discharge</u>. Accordingly, the alleged misleading non-disclosure of the chest x-ray result and follow up was both contemporaneous and relates to the very care and treatment at issue in plaintiff's Amended Complaint. Under <u>Duncan</u>, *supra*, such alleged misleading non-disclosure is insufficient to toll the five year statute of ultimate repose. Count One of plaintiff's Complaint should therefore be dismissed.

### Motion 3 (Defendant HRMC's Motion 4)

Plaintiff's response that there are two separate triggering negligence events is contrary to the very allegations of negligence set forth in his Amended Complaint. Plaintiff's allegations of negligence deal with treatment in 2000, not 2002. Plaintiff has alleged nothing in his Amended Complaint concerning negligent

///

///

///

Page 7 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HOLY ROSARY MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
(332006/cw/d3/19Jan07)

treatment in 2002 and no liberal reading of his Amended Complaint can construe otherwise. Accordingly, Count Two of Plaintiff's Complaint should be dismissed.

DATED this 19th day of January, 2007.

        YTURRI ROSE, LLP

        /s/ David R. Auxier OSB# 90197   For:
        Karen V. Wiggins, OSB 85440
        Carl Burnham, Jr.
        OSB #64008
        Telephone: 541/889-5368
        Of Attorneys for Defendant The Dominican Sisters of Ontario, Inc. dba Holy Rosary Medical Center

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 19th day of January , 2007, I caused to be served a true copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANT HOLY ROSARY MEDICAL CENTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT by the method indicated below,

    _X__ U.S. Mail, Postage Prepaid
    ____ Hand Delivered
    ____ Overnight Mail
    ____ Facsimile Transmission
    ____ Electronic Submission

and addressed to each of the following individuals:

Bernard Jolles
Jolles & Bernstein PC
721 SW Oak Street
Portland, OR 97205
 Of Attorneys for Plaintiff

Mr. Timothy J. O'Hanlon
Mautz Baum & O'Hanlon LLP
PO Box 628
Pendleton, OR 97801-0628
 Of Attorneys for Defendant Spokas

David C. Landis
Attorney at Law
1515 SW 5th Ave #844
Portland, OR 97201
   Attorney for Defendant Boyle

                YTURRI ROSE LLP

                _/s/ David R. Auxier_____
                Of Attorneys for Defendant The Dominican Sisters of Ontario, Inc. dba Holy Rosary Medical Center