Timothy J. O'Hanlon, OSB No. 87309
MAUTZ BAUM & O'HANLON, LLP
101 SE BYERS AVE
PO BOX 628
PENDLETON OR 97801-0628
Telephone: (541) 276-2811
Fax:        (541) 276-0543
E-mail:    mbo@mautzetal.com
     Attorneys for Defendant Frank J. Spokas, Jr., M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLENN H. SONSTENG, Personal Representative of the Estate of EDNA M. SONSTENG, Deceased, </br></br>                   Plaintiff, </br></br>   v. </br></br>THE DOMINICAN SISTERS OF ONTARIO, INC., an Oregon non-profit corporation, dba HOLY ROSARY MEDICAL CENTER; JOSEPH J. BOYLE, M.D., and FRANK J. SPOKAS, M.D., </br></br>                   Defendants. | Civil No. 3:06-CV-476-SU </br></br></br></br>DEFENDANT SPOKAS' REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT |

## I. ORS 30.075 REQUIRES DISMISSAL OF PLAINTIFF'S SURVIVAL ACTION BECAUSE PLAINTIFF HAS ALLEGED DEFENDANTS' NEGLIGENCE CAUSED THE DECEDENT'S DEATH.

Plaintiff contends survival actions under ORS 30.075 and wrongful death actions under ORS 30.020 are allowable alternative claims. This court must interpret ORS 30.075(3) to determine whether plaintiff can simultaneously bring both claims. That statute's unambiguous language indicates the actions are not

1 - DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT
                                                   (Case No. 3:06 CV-476-SU)
  G:\NWP\1739-106\PLD\REP-OPP-DISMISS.doc

allowable alternative claims when the personal representative has alleged a wrongful death action. If the personal representative brings a wrongful death action, pre-death damages are only recoverable in the wrongful death action.

Oregon's rules of statutory construction are well settled. The court's task is to determine the legislature's intent. ORS 174.020. To do that, the court first looks to the statute's text and context. The statute's wording is the best evidence of the legislature's intent. *Employment Dept v. Stock Secrets, Inc,* ___ P3d ___ (Or App 2007), 2007 WL 10452.

If a statute's terms have an unambiguous meaning, the court applies that meaning. *Premier West Bank v. GSA Wholesale, LLC,* 196 Or App 640, 653 at n. 12, 103 P3d 1169 (2004). The court gives words of common usage their plain, natural and ordinary meaning. *Wal-Mart Stores, Inc. v. City of Central Point,* 341 Or 393, 397, 144 P3d 914 (2006).

The text of ORS 30.075(3) is unambiguous. The statute uses terms of common usage. Regarding damages for injures incurred between the defendant's alleged negligence and the decedent's death, ORS 30.075(3) provides:

> <u>If an action for wrongful death</u> under ORS 30.020 <u>is brought</u>, recovery of damages for disability, pain, suffering and loss of income during the period between injury to the decedent and the resulting death of the decedent may <u>only</u> be recovered in the wrongful death action,... [Emphasis added.]

The statutory language is unambiguous. <u>If</u> a wrongful death action is <u>brought</u>, the specified damages may <u>only</u> be recovered in the wrongful death action. A wrongful death action is one the personal representative brings when another's act causes the decedent's death. ORS 30.020. In this case, after the decedent's death, the personal representative was substituted as plaintiff. In his

amended complaint, the personal representative alleges defendants' negligence caused the decedent's death. Amended Complaint, ¶ 1. The personal representative has brought a wrongful death action and under ORS 30.075(3), his damage remedy is only in that action.

Plaintiff reads ORS 30.075(3) as providing that "if a party <u>prevails</u> in a wrongful death action", its damages are recoverable in the wrongful death action. Plaintiff's Response, p. 6. That is not what the statute says. The statute applies <u>if</u> a wrongful death action is <u>brought</u>. In interpreting a statute, the court can't insert what has been omitted or add what has not been inserted. ORS 174.010. Plaintiff's interpretation is not consistent with the statutory language.

Plaintiff cites two cases to support his argument that a survival action is an available remedy when a person's negligence causes death. Both cases interpreted different statutory language. Their holding is irrelevant to this court's interpretation of the current language. It is true that appellate decisions interpreting a statute become part of the statute as if the judicial interpretation were part of the enacted statute. But that is only true when the decisions interpret the same statutory wording. *Wal-Mart Stores, Inc. v. City of Central Point, supra,* 341 Or at 397.

When the Court of Appeals decided *Doe v. American Red Cross,* 128 Or App 38, 874 P2d 828 (1994), *aff'd* 322 Or 502 and *Roe v. Pierce,* 102 Or App 152, 794 P2d 4 (1990), *vacated on jurisdictional grounds,* 313 Or 228, the current statutory language did not exist. Both *Doe and Roe* interpreted very different language from the statutory language at issue in this case. Prior to 1995, ORS 30.020(3) provided:

3 - DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT
(Case No. 3:06 CV-476-SU)
G:\NWP\1739-106\PLD\REP-OPP-DISMISS.doc

> The court <u>shall reduce recovery</u> under this section by the amount of recovery, if any, by the decedent or the decedent's personal representative under ORS 30.075 because of the act or omission which caused the decedent's death. [Emphasis added.]

Prior to 1995, ORS 30.075 did not have a subsection (3). *Doe* and *Roe* interpreted the now repealed language in ORS 30.020 requiring the court to reduce a survival action recovery by a wrongful death recovery. Neither ORS 30.020 nor ORS 30.075 contains any language referring to a reduction of one claim's damages against the other. The 1995 legislature removed that language.

When the legislature amends a statute, it is presumed that a material change in the statute's language creates a material change in the statute's meaning. *Fifth Avenue Corp. v. Washington County By and Through Board of County Commissioners,* 282 Or 591, 597, 581 P2d 50 (1978). New language in a statute signals a change in the statute's meaning. *State v. Rodarte,* 178 Or App 173, 180, 35 P3d 1116 (2001). The 1995 amendment adding ORS 30.075(3) created a material change to the statute *Doe* and *Roe* interpreted. *Doe* and *Roe* have no relevance to the issue in this case.

Under the unambiguous language of ORS 30.075(3), a plaintiff who alleges that defendants caused the decedent's death must recover damages only in the wrongful death action. The personal representative in this case has no survival claim under ORS 30.020.

## II. UNDER OREGON LAW, THE STATUTORY CAP APPLIES TO WRONGFUL DEATH NON-ECONOMIC DAMAGES.

Plaintiff argues this court should not dismiss her claim for wrongful death non-economic damages in excess of the statutory cap because the Oregon Supreme Court might rule the damages are recoverable despite the cap.

There is a controlling Oregon Supreme Court decision on this issue. *Griest v. Phillips,* 322 Or 281, 906 P2d 789 (1995). In a diversity action, the federal court must follow the decision of the state's highest court. *Knievel v. ESPN, Inc.,* 393 F3d 1068, 1072 (9th Cir 2005). Under Oregon law, there is no set of facts plaintiff can establish to entitle him to recover damages over $5,000,000 on a wrongful death claim. This court is bound to apply that law.

Although the Oregon Supreme Court accepted review in *Hughes v. PeaceHealth,* 204 Or App 614, 131 P3d 798 (2006), *rev allowed* 341 Or 140, neither this court nor plaintiff knows why the court accepted review, whether review might be dismissed before the court rules, or how the court might ultimately rule. In fact, even if the Supreme Court accepted review to address the constitutional issue, the resulting decision may not address that issue. See e.g. *State v. Carter,* 316 Or 6, 8 at n. 1, 848 P2d 599 (1993). Plaintiff cites no authority that the possibility of a future decision negates this court's obligation to follow a controlling Oregon Supreme Court decision.

### III.    PLAINTIFF'S SECOND COUNT ALLEGES CONTINUATION OF CARE AND DOES NOT EXTEND THE STATUTE OF ULTIMATE REPOSE.

Plaintiff's second count alleges "defendants continued their negligence as hereinafter set forth". In his response, plaintiff agrees Count II, like Count I, involves a "second chance" to review the x-rays. Response, p. 12. Count II is nothing more than an allegation of continuing treatment. It is clear from the count's caption that plaintiff's purpose in including Count II is avoidance of dismissal based on the statute of ultimate repose in ORS 12.110(4). Count II is captioned "UNDISCOVERED NEGLIGENCE WITHIN FIVE YEARS OF THE FILING

OF THIS COMPLAINT". Continuing negligence does not extend the statute of ultimate repose. *Ubrick v. Suburban Medical Clinic, Inc.,* 141 Or App 452, 457, 918 P2d 453 (1996), *rev den* 329 or 287.

To support his argument that Count II does not allege continuing negligence, plaintiff states the July 2002 opportunity to review the x-rays was not a continuation of treatment because the decedent returned to HRMC for a second illness. Plaintiff did not plead these facts. In considering a motion under Fed.R.Civ.P. 12(b)(6), the court cannot assume facts based on evidence outside the pleadings. *Lee v. City of Los Angeles,* 250 F3d 668, 688 (9th Cir. 2001). This court must consider defendant's motion based on what plaintiff alleges in his complaint. *Cervantes v. City of San Diego,* 5 F3d 1273, 1274 (9th Cir. 1993). Plaintiff alleged continuing negligence.

Additionally, even if the court considers evidence outside the complaint, plaintiff's second count still only alleges continuing negligence that does not extend the statue of ultimate repose. The continuing negligence plaintiff alleges is the failure to call the x-ray findings to plaintiff's attention. Plaintiff acknowledges Count II alleges defendants had a second chance to review the x-rays and inform the decedent. Response at p. 12. Under Oregon law, this is a continuing negligence allegation.

A claim based on continuing negligence is one that alleges the defendant had the opportunity to cure the initial negligence when the defendant had later contact with the plaintiff. It is an assertion of continuing misdiagnosis. *Ubrick, supra,* 341 Or at 457. Continuing misdiagnosis does not extend the statute of limitations. *Id.* This court should dismiss Count II against defendant Spokas.

### IV. THE GRAVAMEN OF ALL OF PLAINTIFF'S NEGLIGENCE ALLEGATIONS IS DEFENDANTS' ALLEGED FAILURE TO INFORM PLAINTIFF OF HER X-RAY RESULTS

Defendant Spokas has not moved against plaintiff's complaint on statute of limitations grounds. However, this court's ruling on Defendant Boyle's motion will affect claims against Defendant Spokas. Plaintiff's allegations against these two defendants are identical. Defendant Spokas supports Defendant Boyle's analysis regarding the gravamen of plaintiff's complaint. Every allegation of negligence is based on the defendants' handling of the x-ray. Therefore, any implied misrepresentation regarding the x-ray goes to the gravamen of every negligence allegation. The alleged misrepresentation does not extend the statute of ultimate repose.

### V. CONCLUSION

Plaintiff's argument regarding interpretation of ORS 30.075(3) is not supportable under Oregon's rules of statutory construction. Plaintiff chose to bring has action as a wrongful death claim. The statutory cap on non-economic damages applies to that claim. Further, Count II alleges continuing negligence that does not extend the statute of ultimate repose. Defendant Spokas requests an order granting his motions.

DATED this   2nd   day of February, 2007.

            MAUTZ BAUM & O'HANLON, LLP


            By: /s/Timothy J. O'Hanlon
              Timothy J. O'Hanlon
              OSB No. 87309
              Attorneys for Defendant
               Frank J. Spokas, M.D.
              (541) 276-2811

RE:   SONSTENG v. THE DOMINICAN SISTERS OF ONTARIO, INC., ET AL
CASE NO.:  3:06-CV-476-SU
DOCUMENT:  DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT

### CERTIFICATE - TRUE COPY

I HEREBY CERTIFY that the foregoing copy of the above-named document(s) is a complete and exact copy of the original.

MAUTZ BAUM & O'HANLON, LLP
Attorneys for Defendant Spokas

By:_____
Timothy J. O'Hanlon

==================================================================

### CERTIFICATE(S) OF SERVICE

**Electronic Filing:** I HEREBY CERTIFY that I served the above-named documents(s) on the following by electronic filing on February 2, 2007:

MR BERNARD JOLLES                Attorneys for Plaintiff Sonsteng
JOLLES & BERNSTEIN PC
721 SW OAK ST 2ND FLR
PORTLAND OR  97205

MR CARL BURNHAM JR               Attorneys for Defendant Dominican
YTURRI ROSE LLP                      Sisters of Ontario, Inc.
89 SW 3RD AVE
PO BOX S
ONTARIO  97914

**FAXING/MAILING:**  I HEREBY CERTIFY that I served the above-named document(s) on the following by **FAXING AND MAILING** a **TRUE COPY** thereof, certified by me as such, contained in a sealed envelope with postage fully prepaid, addressed to the last known address and deposited in the post office at Pendleton, Oregon, on February 2, 2007:

MR DAVID C LANDIS                Attorney for Defendant Boyd, M.D.
ATTORNEY AT LAW
1515 SW 5TH AVE  #844            FAX NO. 503-224-5826
PORTLAND OR  97201

                                 MAUTZ BAUM & O'HANLON, LLP
                                 Attorneys for Defendant Spokas

                                 By: /s/ Timothy J. O'Hanlon
                                     Timothy J. O'Hanlon

8 - DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
    DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT
                                        (Case No. 3:06 CV-476-SU)
G:\NWP\1739-106\PLD\REP-OPP-DISMISS.doc