**David C. Landis,** OSB 62050
landis@dclandis.com
1515 SW Fifth Avenue, Suite 844
Portland OR  97201-5447
(503) 224-5680 Telephone
(503) 224-5826 Facsimile
   Attorney for Defendant Boyle

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLENN H. SONSTENG, Personal Representative of the Estate of EDNA SONSTENG, deceased, | ) ) ) ) |
| Plaintiff, | ) Case No. CV06 476 SU ) |
| v. | ) SUR-REPLY MEMORANDUM IN ) SUPPORT OF MOTIONS TO DISMISS |
| THE DOMINICAN SISTERS OF ONTARIO, INC., an Oregon non-profit corporation, dba Holy Rosary Medical Center; JOSEPH J. BOYLE, M.D.; and, FRANK J. SPOKAS, M.D., | ) AMENDED COMPLAINT ) By Defendant Boyle ) ) ) ) |
| Defendants | ) |

1.     **Introduction**

Plaintiff has filed a *supplemental memorandum* in which plaintiff contends that the question of whether the *amended complaint* was timely filed is governed by ORS 30.020(1); that the ten-year ultimate repose statute, ORS 12.115(1), applies to this case; and that because three years after death, July, 2009, is earlier than ten years from treatment, February, 2010, the former is the applicable limitation period and the *amended complaint* was timely filed. Defendant Boyle contends that pursuant to controlling case law, the continued action is subject to the limitation provision in ORS 30.075(1); that no matter whether the claim is subject to the ultimate repose provision of ORS 30.020(1) or the limitation

PAGE 1     SUR-REPLY MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
              MOTIONS TO DISMISS AMENDED COMPLAINT

provision of ORS 30.075(1), the applicable limitation period pursuant to ORS 12.110(4) is two years from the date of discovery of misrepresentation; and that the ten-year ultimate repose statute has no application to this case because under the facts of this case, the longest applicable limitation period was eight years from treatment. Thus, the question raised by this motion is whether the *amended complaint* alleges viable misrepresentation.

> **2.    If plaintiff had survived, the applicable ultimate repose statute would have been the ultimate repose provision of ORS 12.110(4).**

The *original complaint* alleged negligent treatment and misrepresentation in February, 2000; discovery of misrepresentation in January, 2006; and commencement of the personal injury medical malpractice action in April, 2006. The limitation for a personal injury action based on medical malpractice is set forth in ORS 12.110(4), which provides for a two-year limitation measured from the date of discovery of injury, subject to an ultimate repose period of five years from the date of treatment. The five-year ultimate repose period is extended if the action was not commenced within five years from the date of treatment because of fraud, deceit or misleading representation. In that case, the limitation period is two years measured from the date of discovery of the fraud, deceit or misleading representation.

If plaintiff had survived, the applicable ultimate repose statute would have been the ultimate repose provision of ORS 12.110(4). The *complaint* alleged misrepresentation. The limitation question would have been whether plaintiff pleaded and proved a viable misrepresentation.

> **3.    With respect to plaintiff's claim for personal injury pursuant to the survival statute, the applicable limitation period is the ultimate repose provision of ORS 12.110(4).**

Plaintiff died in July, 2006. Her personal representative filed an *amended complaint* in September, 2006, which alleges that the negligence of the defendants caused the death of the decedent.

PAGE 2    SUR-REPLY MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
          MOTIONS TO DISMISS AMENDED COMPLAINT

Thus, the *amended complaint* alleges a claim for wrongful death. Plaintiff contends that the *amended complaint* alleges alternative claims for relief for personal injury under the survival statute, ORS 30.075, and wrongful death under the wrongful death statute, ORS 30.020(1). Defendant Boyle contends that the *amended complaint* alleges a claim for wrongful death only, since it alleges that the negligence of the defendants caused the death of the decedent.

If the *amended complaint* is construed to include a claim for personal injury under the survival statute, ORS 30.075(1), then that claim is subject to the limitation provision in the second sentence of ORS 30.075(1), which provides, as applicable to this case, that the action be commenced within the limitations established in ORS 12.110(4) by the injured person and continued by the personal representative.[1]

Accordingly, if the *amended complaint* is construed to include a claim for personal injury under the survival statute, the applicable ultimate repose statute is the ultimate repose provision of ORS 12.110(4), and the limitation question raised by this motion is whether plaintiff has pleaded a viable misrepresentation.

> **4.    Where a patient files a medical malpractice personal injury action and her personal representative continues the action as a wrongful death action, pursuant to the limitation provision of ORS 30.075(1), the applicable limitation statute is ORS 12.110(4).**

---

[1] ORS 30.075(1) provides: "Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for injury done by the same act or omission. *The action shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section, or within three years by the personal representatives if not commenced prior to death.*" (Emphasis supplied.)

PAGE 3      SUR-REPLY MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
            MOTIONS TO DISMISS AMENDED COMPLAINT

The *amended complaint* alleges a claim for wrongful death. The question posed by the position taken by plaintiff in his *supplemental memorandum* is whether, under the circumstances of this case, the limitation period of ORS 30.020(1) or the limitation provision of ORS 30.075(1) applies to the filing of the *amended complaint*. Plaintiff contends that the applicable limitation period is ORS 30.020(1). *Plaintiff's supplemental memorandum, pages 1, 3*. Defendant Boyle contends that pursuant to *Doe v. American Red Cross*, 128 Or App 38 (1994), the limitation provision of ORS 30.075(1) applies, and the limitation question is whether the *original complaint* was commenced within the limitation period established in ORS 12.110(4).

      a.      **In a medical malpractice wrongful death action, the applicable limitation periods are the limitation period and ultimate repose provisions provided for in ORS 30.020(1).**

The limitation for a wrongful death action based on medical malpractice, is set forth in ORS 30.020(1). *Baxter v. Zeller*, 42 Or App 873 (1979); *Eldridge v. Eastmoreland General Hospital*, 307 Or 500, 503 (1989) (wrongful death limitation period applied to death action based on medical malpractice).

Plaintiff argues that *Baxter* holds that where there is a conflict between ORS 12.110(4) and ORS 30.020(1), the latter prevails. *Plaintiff's supplemental memorandum, page 3*. Defendant Boyle disagrees with this characterization of *Baxter*.

In *Baxter*, the defendant surgeon performed surgery on the patient in March, 1976. The patient died on April 7, 1976. More than two years after the death of the decedent, the personal representative filed an action for wrongful death.

The issue was whether the two-year limitation of ORS 12.110(4) or the three-year

PAGE 4      SUR-REPLY MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
                     MOTIONS TO DISMISS AMENDED COMPLAINT

limitation of ORS 30.020(1) applied.[2]  The court held that the limitation found in ORS 30.020(1) applies to a wrongful death action.

Plaintiff argues that the *Eldridge* court held that the discovery rule does not apply to a wrongful death action based on medical malpractice.  *Plaintiff's supplemental memorandum, page 3.*  The *Eldridge* court so held, based on its interpretation of the then-current wording of ORS 30.020(1).  Subsequent to the court's opinion in *Eldridge*, the legislature amended ORS 30.020(1) to provide for a discovery rule and to add a statute of ultimate repose.

In *Eldridge*, plaintiff's decedent was born May 9, 1981, and died September 7, 1981.  The personal representative of the estate filed a wrongful death action in February, 1984.  In April, 1984, plaintiff obtained documents which indicated that decedent had not been properly intubated when she had difficulty breathing at birth.  In February, 1986, plaintiff amended the complaint to name the doctor who had intubated the decedent, Dr. Laszlo, as a defendant.

At the time of these events, ORS 30.020(1) provided for a three-year limitation from the occurrence of the injury causing the death.  The complaint against defendant Laszlo was commenced more than three years after the occurrence of the injury, but within two years of the date of discovery.  The issue was whether the discovery rule applied to the limitation period then-provided for in ORS 30.020(1).  The court held that the discovery rule did not apply, and accordingly, that the action against Dr. Laszlo was not timely commenced.

After the court's opinion in *Eldridge*, the legislature amended ORS 30.020(1) to make

---

[2]At the time, ORS 30.020(1) provided that the limitation period for the commencement of a wrongful death action was "within three years after the occurrence of the injury causing the death of the decedent."  Prior to 1967, the wrongful death statute provided for a limitation period of two years from the death of the decedent.  *Eldridge v. Eastmoreland General Hospital*, 307 Or at 504.  In 1967, the legislature expanded the limitation period to three years and adopted the phrase "after the occurrence of the injury causing the death."  *Id.  See* Or Laws 1967, ch 544, § 1.

**PAGE 5**     **SUR-REPLY MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF MOTIONS TO DISMISS AMENDED COMPLAINT**

the limitations period in the wrongful death statute subject to the discovery rule and also to add a statute of ultimate repose.  *Kambury v. Daimler Chrysler Corp.*, 173 Or App 372, 375 n 2 (2001), *rev'd on other grounds*, 334 Or 367 (2002), citing Or Laws 1991, ch 608 § 1.

It is submitted that *Baxter* and *Eldridge* hold only that in a wrongful death action based on medical malpractice, the applicable limitation period is the limitation period in the wrongful death statute.

> **b.     Where a personal representative continues a medical malpractice action, the limitation statute applicable to the continued action is ORS 12.110(4), pursuant to the limitation provision of ORS 30.075(1).**

*Baxter* and *Eldridge* do not address the question of the applicable limitation statute where a patient files a medical malpractice action, dies, and the personal representative then continues the action as a wrongful death action.  *Doe v. American Red Cross*, 128 Or App 38 (1994) held that under this circumstance, pursuant to the limitation provision of ORS 30.075(1), the applicable limitation statute is ORS 12.110.  As noted above, the second sentence of ORS 30.075(1) provides that the action shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representative.

In *Doe*, a patient received a transfusion of blood provided by the American Red Cross during elective hip surgery in March, 1985.  In October, 1987, the patient learned that some of the blood may have been infected with HIV.  A test later that month indicated that he had contracted HIV.  The patient was diagnosed with AIDS in July, 1990.

In October, 1990, the patient learned that the Red Cross may have been negligent in providing HIV infected blood.  Later in October, 1990, the patient developed bacterial pneumonia, an

opportunistic infection that is often associated with AIDs. The patient died from the pneumonia on August 22, 1991. In October, 1991, the patient's personal representative filed a second amended complaint which alleged damages for wrongful death. *Doe*, 128 Or App at 42. The issue was whether the filing of the second amended complaint was governed by the limitation provisions contained in the wrongful death statute, ORS 30.020, as amended in 1991; or by the limitation set forth in the second sentence of ORS 30.075(1). The court noted that the personal injury action was commenced by the patient before his death, and was continued by the personal representative after his death as a wrongful death action. *Doe*, 128 Or App at 42.

> In so holding, the court noted that it had previously held:
>
> "ORS 30.075 applies to the continuation of an action, initiated by the decedent, to recover damages for the injury that caused the decedent's death." *Doe*, 128 Or App at 43 n 5, citing *Roe v. Pierce*, 102 Or App 152 (1990), *vacated on jurisdictional grounds*, 313 Or 228 (1992).

The *Doe* court held that pursuant to the second sentence of ORS 30.075(1), the limitation statute applicable to the continued claim for wrongful death was ORS 12.110. *Ibid.*, 128 Or App at 43.

Plaintiff fails to discuss or attempt to distinguish *Doe*. If, pursuant to the limitation provision of ORS 30.075(1), the applicable limitation statute is ORS 12.110(4), the *original complaint* was filed more than five years after the alleged negligent treatment and within two years of the alleged discovery of misleading representation. Thus, under ORS 12.110(4), the limitation statute specified in ORS 30.075(1), the question in this motion is whether plaintiff has pleaded a viable misrepresentation.

> **5.    Even if the *amended complaint* is subject to the ultimate repose provisions of ORS 30.020(1), under the facts alleged in the *amended complaint*, the applicable limitation period is the ultimate repose provision of ORS 12.110(4).**

**PAGE 7    SUR-REPLY MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF MOTIONS TO DISMISS AMENDED COMPLAINT**

Even if the court holds that the *amended complaint* is subject to the limitation periods established in ORS 30.020(1), the ultimate repose statute applicable to the facts alleged in the *amended complaint* is the ultimate repose provision contained in ORS 12.110(4). Accordingly, the question in this motion is whether plaintiff has pleaded a viable misrepresentation.

The ultimate repose period of ORS 30.020(1) provides:

"In no case may an action be commenced later than the earliest of:

(a) Three years after the death of the decedent; or

(b) The longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury, including but not limited to the statutes of ultimate repose provided for in ORS 12.110(4), 12.115, 12.137 and 30.905."

Thus, under the circumstances of this case, the action may not be commenced later than the earliest of (a) three years after the death of the decedent; or (b) the longest period under an ultimate repose statute that applies to the allegedly negligent treatment.

Since the amended complaint alleges that the defendants made misrepresentations to plaintiff which caused her to fail to discover her cause of action until January, 2006, the longest period that applies to the treatment that caused the injury is the ultimate repose provision of ORS 12.110(4), which tolls the five-year ultimate repose provision if the action was not commenced within five years from the date of treatment because of misrepresentation, and provides for a two year limitation measured from the date of discovery of the misrepresentation. Based on the alleged date of discovery of misrepresentation, January, 2006, the longest applicable period is January 2008, two years from the date of discovery of the alleged misrepresentations, and eight years from the date of treatment. January 2008 is earlier than three years after the death of the decedent, *i.e.*, July 2009. Accordingly, if plaintiff pleads and proves a viable misrepresentation, the applicable limitation period is two years from the date of

discovery of the misrepresentation, January 2008, and the wrongful death action was timely filed.

If plaintiff fails to plead or prove a viable misrepresentation, the longest period applicable under ORS 12.110(4) is five years from the date of treatment (February 2005 as to defendant Boyle), which is earlier than three years after death, July 2009. Thus, in the absence of pleading or proof of a viable misrepresentation, the five-year ultimate repose period (February 2005) is the limitation period, and the action is time barred.

Plaintiff argues that the ten-year ultimate repose provision for negligent injuries, ORS 12.115(1) applies. *Plaintiff's supplemental memorandum, page 4*. However, the *amended complaint* alleges that plaintiff discovered the misrepresentation in January, 2006. Accordingly, under ORS 12.110(4), plaintiff had until January, 2008, to file an action. Thus, the ten-year ultimate repose limitation of ORS 12.115 has no application to the circumstances of this case.

Under the analysis contended for by plaintiff, in any wrongful death action based on negligence, the comparison of three years after death to the longest of any other applicable limitation period to determine which is the earliest, would always be a comparison of three years after death to ten years from the date of the negligent conduct. (In this case, three years after death, July, 2009, is earlier than ten years from the date of treatment, February, 2010.) However, plaintiff's analysis fails to consider that the *amended complaint* alleges that misrepresentations were discovered in January, 2006.

6.    **Conclusion**

The foregoing discussion has demonstrated that the ultimate repose provision of ORS 12.110(4) was applicable to the *original complaint* for medical malpractice personal injury. The *complaint* acknowledged the applicability of the ultimate repose provisions of ORS 12.110(4) by alleging misrepresentation. The *amended complaint*, which alleges wrongful death and purportedly alleges an alternative claim under the survival statute, also acknowledges the applicability of the ultimate repose

provisions of ORS 12.110(4), and alleges misrepresentation.

However, plaintiff now contends that the wrongful death claim was timely filed without the necessity of pleading and proving misrepresentation, and even though there is no question as to whether the ten-year ultimate repose statute has intervened to time bar plaintiff's claim.

It is respectfully submitted that the applicable limitation period, if a viable misrepresentation is pleaded and proved, is two years from discovery of misrepresentation, January, 2008, which is earlier than three years after death, July, 2009. It is further submitted that the *amended complaint* does not allege viable misrepresentations, and the claim was time barred in February, 2005.

                                    s/David C. Landis
                              David C. Landis, OSB No. 62050
                              (503) 224-5680
                              Attorney for Defendant Boyle

## CERTIFICATE OF SERVICE

      I certify that I served the foregoing SUR-REPLY MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF MOTIONS TO DISMISS AMENDED COMPLAINT on:

| | |
|---|---|
| Bernard Jolles<br>Jolles & Bernstein PC<br>721 SW Oak<br>Portland OR  97205-3791 | Attorney for Plaintiff |
| Carl Burnham, Jr.<br>Yturri Rose, LLP<br>PO Box S<br>Ontario OR  97914 | Attorney for defendant Holy Rosary Medical Center |
| Timothy J. O'Hanlon<br>Mautz Baum & O'Hanlon LLP<br>PO Box 628<br>Pendleton, OR  97801-0628 | Attorney for defendant Spokas |

on March _27__, 2007:  via electronic filing.

                                                                s/David C. Landis
                                  David C. Landis, OSB No. 62050
                                  (503) 224-5680
                                  Attorney for Defendant Boyle