**Bernard Jolles**, OSB #63939
berniej@jollesbernstein.com
**Candice Rutter**, OSB #02520
candicer@jollesbernstein.com
JOLLES & BERNSTEIN, P.C.
721 S.W. Oak Street, 2nd Floor
Portland, Oregon 97205-3791
Telephone: 503.228.6474
Facsimile: 503.228.0836
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GLENN H. SONSTENG**, Personal Representative of the Estate of **EDNA M. SONSTENG**, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>**THE DOMINICAN SISTERS OF ONTARIO, INC.**, an Oregon non-profit corporation, dba **HOLY ROSARY MEDICAL CENTER**; **JOSEPH J. BOYLE, M.D.**, and **FRANK J. SPOKAS, M.D.**,<br><br>        Defendants. | Civil No. CV06 476 SU<br><br>**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT** |

    Plaintiff submits the following supplemental response to defendants' motions to dismiss amended complaint. With respect to the statute of limitations, the determinative statute in Oregon is ORS 30.020, and not 12.110(4). A proper analysis of ORS 30.020 shows that

Page 1 - SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS'
    MOTIONS TO DISMISS AMENDED COMPLAINT

plaintiff's complaint for wrongful death is timely

## SUMMARY OF ARGUMENT

With respect to the statute of limitations, the determinative statute in Oregon is ORS 30.020, and not 12.110(4). A proper analysis of ORS 30.020 shows that plaintiff's complaint for wrongful death is timely.

## STATEMENT OF FACTS

To recap the relevant facts with respect to the statute of limitations, on February 24, 2000, decedent, EDNA M. SONSTENG ("decedent"), was admitted to defendant HOLY ROSARY MEDICAL CENTER. During her treatment at that time, a chest x-ray was ordered and taken. Defendants, plaintiff's doctors and the hospital they were representing, failed to read the x-ray or disclose its content to the plaintiff or her family.

On February 25, 2000, plaintiff underwent gallbladder surgery by defendant FRANK J. SPOKAS, M.D., and was discharged the next day. Plaintiff did not experience symptoms or any other signs that she had a tumor slowly growing inside her until January, 2006. At that time, she was told of her condition by another oncologist. On April 7, 2006, decedent filed suit for medical malpractice. Despite intensive treatment, plaintiff died of her disease on July 5, 2006. On September 13, 2006, decedent's estate filed an amended complaint alleging a claim for wrongful death.

## ARGUMENT

All analysis of the statute of limitations and statute of ultimate of repose that apply

to this case must be conducted under ORS 30.020. *See, Baxter v. Zeller*, 42 Or. App. 873, 601 P.2d 902 (1979) and *Eldridge v. Eastmoreland General Hospital*, 307 Or. 500, 769 P.2d 775 (1989). *Baxter* holds that where there is a conflict between ORS 12.110(4) and ORS 30.020, ORS 30.020 prevails. In *Baxter*, the Court of Appeals held that the three-year statute of limitations period applicable to the wrongful death action, rather than the two-year statute of limitations applicable to medical malpractice, was the appropriate statute in a wrongful death action against a physician and hospital for the negligent treatment that resulted in the plaintiff's death. *Id*. at 877-878.

In *Eldridge v. Eastmoreland General Hospital, supra,* a wrongful death case based on medical malpractice, the Supreme Court of Oregon held the discovery rule did not apply in the a death case. In that case, the Supreme Court stated "[p]laintiff's case is for wrongful death . . . ORS 30.020 sets the limitations period for wrongful death cases. ORS 12.010 does not apply." *Id.* At 503.

Thus, ORS 30.020 controls the determination of whether plaintiff's claim is timely. ORS 30.020 states, in pertinent part:

> "In no case may an action be commenced later than the earliest of:
>
> "(a) Three years after the death of the decedent; or
>
> "(b) The longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury, including but not limited to the statutes of ultimate repose provided for in ORS 12.110(4), 12.115, 12.135, 12.137 and 30.905." ORS 30.020(1).

Page 3 - SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS AMENDED COMPLAINT

Under ORS 30.020(a), the action would have to have been commenced three years after the date of death, July 5, 2006, which is July 5, 2009.

Under ORS 30.020(b), both ORS 12.110(4), which covers medical malpractice, and ORS 12.115, and which covers any action for negligent injury, must be considered, because they both supply a statute of ultimate repose that applies to the act or omission causing the injury, namely negligent treatment causing injury and ultimately the death of decedent.

ORS 12.115(1) states that "In no event shall any action for negligent injury to person ... be commenced more than 10 years from the date of the act or omission complained of." This statute applies to this situation because it is meant to cover all negligent injuries and supplies the maximum time limit for filing any and all negligent injury cases.

Under ORS 12.110(4), plaintiff is allowed five years from the date of the date of the injury to file her claim.[1] Thus, ORS 12.115 is the longest of the two periods set forth in the relevant statutes of ultimate repose provided for in ORS 30.020(b).

The earliest of two dates from ORS 30.020 (a) and (b) is, therefore, July 5, 2009, three years after the death of decedent. Plaintiff's death case was filed on September 13, 2006.

This reasoning is supported by the legislative history of ORS 30.020, when the discovery rule and the death statute of limitations was enacted. 1991 Or. Laws, Ch. 608, § 1. In

---

[1] ORS 12.110(4) provides "An action to recover damages for injuries to a person arising from any medical...treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. ... [E]very such action shall be commenced within five years from the date of the treatment, omission, or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation then within two years from the date such fraud, deceit or misleading misrepresentation is discovered or in the exercise of reasonable care should have been discovered."

Page 4 - SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS'
              MOTIONS TO DISMISS AMENDED COMPLAINT

a discussion on use of discovery date between Representative Clark and Scott Meyer of the Oregon Association of Defense Counsel, Scott Meyer stated:

> "Yes. In negligence actions, most notably medical malpractice and other professional malpractice cases, there is a 5 year statute of ultimate repose in medical malpractice which is another limit and **10 year for ultimate repose for wrongful death.**" House Committee on Judiciary, February 11, 1991 Meeting Minutes, p 1-2, line 134. (Tape 35, Side A; Emphasis added).

Additionally, during a work session on the bill, the legislative history reflects a full discussion of the application of the ultimate repose statute:

> "REP. JOHNSON: Identified what may be a fatal flaw in the bill that may need adjustment after the vote in subcommittee.
>
> "As the bill is written we are saying that the action can be filed three years after the death or date the injury should have been discovered. If someone is injured and dies from the injuries 20 years later his personal representative has three years after the death to file the suit. What happened to the ten year statute of ultimate repose?
>
> "REP. MANNIX: **Believes the statute of ultimate repose would apply and would overrule it.** The amendment requires that the action be brought within three years after the death of the decedent so addresses the other time limit provision.
>
> "CHARLES WILLIAMSON: **The action would have to be brought within three years of the time the injury was discovered or reasonably should have been discovered. The intent is that the ultimate repose statute would still apply.**
>
> "REP. JOHNSON: Presuming that the discovery of the injury happens at autopsy nine years after the injury, is there three years from the date of death or the end of the tenth year to file suit?

Page 5 - SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS'
         MOTIONS TO DISMISS AMENDED COMPLAINT

"WILLIAMSON: By the end of the tenth year. The ultimate repose statute would still apply." House Committee on Judiciary, May 21, 1991 Meeting Minutes, p. 4-5, line 334-374. (Tape 48-49; Emphasis added).

Defendant JOSEPH J. BOYLE, M.D., sidesteps this discussion when he goes through a lengthy analysis of the application of 30.020, but then summarily concludes that, "[t]he ten-year ultimate repose limitation of ORS 12.115 does not apply to this analysis because the action was commenced less than ten years after the treatment." Boyle Motion to Dismiss, p. 5, fn. 6. Because the language of ORS 30.020(b) states that you should select the "longest of any other period," the statue of ultimate repose established by ORS 12.115 is the appropriate statute. Since the negligence occurred in 2000, the time to file expires in 2010. Therefore, 30.020(a) applies and plaintiff's complaint is timely. Defendant's assertion that ORS 12.115 does not apply because the case was filed within the 10-year time period is erroneous.

## CONCLUSION

In this death case, ORS 30.020 provides the applicable statute of limitations. It requires that the complaint be filed, "no later than the *earliest* of," (a) three years from the death of decedent or (b) the longest of any applicable statute of repose. The longest applicable statute of repose is ORS 12.115 (ten years). Since ten years after the act causing decedent's death (February 25, 2000), would expire on February 25, 2010, and three years after the death of the decedent (July 5, 2006), would expire July 5, 2009, three years from the date of death is "the earliest" deadline for filing this death claim. Plaintiff's death claim was filed on September 13, 2006, and is, therefore, timely.

For the foregoing reasons, together with the reasons set forth in the plaintiff's

Page 6 - SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT

original response to defendants' motions to dismiss, defendants' motions to dismiss should be denied in their entirety.

    Dated:   March 30, 2007

                                                    JOLLES & BERNSTEIN, P.C.

                                                    */s/ Bernard Jolles*
                                                    Bernard Jolles, OSB #63039

                                                    */s/ Candice Rutter*
                                                    Candice Rutter, OSB #02520
                                                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2007, I served the foregoing

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS**

**TO DISMISS AMENDED COMLAINT** on:

    Carl Burnham, Jr.
    Yturi Rose LLP
    P. O. Box "S"
    Ontario OR 97914

        Attorneys for Defendant Hospital

    Timothy J. O'Hanlon
    Mautz Baum & O'Hanlon, LLP
    P. O. Box 628
    Pendleton OR 97801-0628

        Attorneys for Defendant Spokas

    David C. Landis
    Attorney at Law
    1515 S.W. 5th Ave #844
    Portland OR 97201

        Attorneys for Defendant Boyle

on March 30, 2007, via electronic filing..

                JOLLES & BERNSTEIN, P.C.

                _____
                Bernard Jolles, OSB #63039
                Candice Rutter, OSB #02520
                of Attorneys for Plaintiff