Timothy J. O'Hanlon, OSB No. 87309
MAUTZ BAUM & O'HANLON, LLP
101 SE BYERS AVE
PO BOX 628
PENDLETON OR 97801-0628
Telephone: (541) 276-2811
Fax:         (541) 276-0543
E-mail:     mbo@mautzetal.com
        Attorneys for Defendant Frank J. Spokas, Jr., M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLENN H. SONSTENG, Personal Representative of the Estate of EDNA M. SONSTENG, Deceased, | Civil No. 3:06-CV-476-SU |
| Plaintiff, | DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW |
| v. | |
| THE DOMINICAN SISTERS OF ONTARIO, INC., an Oregon non-profit corporation, dba HOLY ROSARY MEDICAL CENTER; JOSEPH J. BOYLE, M.D., and FRANK J. SPOKAS, M.D., | |
| Defendants. | |

### I.    PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ARGUMENT

Plaintiff's supplemental memorandum addresses one issue: whether his wrongful death claim is timely under ORS 30.020. Defendant Spokas agrees ORS 30.020 provides the statute of limitations for a wrongful death claim. Defendant disagrees with plaintiff's interpretation of ORS 30.020.

/ / /

1 - DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S SUPPLEMENTAL
    MEMORANDUM OF LAW
                                                    (Case No. 3:06 CV-476-SU)
    G:\NWP\1739-106\PLD\REP-SUPP-MEM-LAW.doc

ORS 30.020 contains a statute of ultimate repose for wrongful death claims. The statute of ultimate repose is the shorter of two dates: 3 years from the decedent' death or the statute of ultimate repose that applies to the act causing the injury. ORS 30.020(1)(a) and (b).

Although plaintiff's claim is based on medical treatment subject to a 5-year statute of ultimate repose, plaintiff argues the 10-year general negligence ultimate repose provision in ORS 12.115 applies to his claim. Under the alternative ultimate repose provisions in ORS 30.020(1) (a) and (b), plaintiff compares the 10-year limit of ORS 12.115 with the 3-year limit of ORS 30.020(1)(a). Because the latter is shorter, plaintiff argues his action is timely because it was brought within 3 years of the decedent's death. Plaintiff can only prevail on this argument if ORS 12.115, not ORS 12.110(4), is the statute of ultimate repose that applies to his wrongful death claim.

## II.   SUMMARY OF DEFENDANT'S ARGUMENT

ORS 30.020 requires comparison of the ultimate repose provision "that applies" to plaintiff's claim with the wrongful death 3-year ultimate repose limitation. The shorter statute governs. ORS 30.020 specifically lists ORS 12.110(4) as one of the potentially applicable statutes of ultimate repose. ORS 12.110(4) is the 5-year statute of ultimate repose governing medical malpractice actions. A medical malpractice action must be commenced within 5 years from the date of the treatment, act or omission alleged.

Plaintiff alleges medical malpractice. Under ORS 30.020, ORS 12.110(4) is the statute of ultimate repose "that applies". ORS 12.115 does not apply and is irrelevant. Regardless of whether plaintiff's claim is a wrongful death claim or a

survival action, plaintiff can proceed only if he can establish a misrepresentation that extends the ORS 12.110(4) 5-year statute of ultimate repose.[1]

The 5-year statute of ultimate repose expired in February 2005, before plaintiff's death. Because plaintiff brought his wrongful death action more than 5 years from the date of the treatment, the wrongful death action is time barred.

**II.    ORS 30.020 IS UNAMBIGUOUS.  ORS 12.110(4) GOVERNS.**

To determine what statute of limitations applies to a wrongful death action, the court must interpret ORS 30.020. Statutory construction is a question of law. *Karjalainen v. Curtis Johnston, & Pennywise, Inc.,* 208 Or App 674, 681, 146 P3d 336 (2006).  As a matter of law, the court determines what the legislature intended when it enacted the statute. *Allen v. Paula Ins.,* 182 Or App 259, 263, 48 P3d 858 (2002).

Oregon's rules of statutory construction are well established. *PGE v. Bureau of Labor & Industries,* 317 Or 606, 610–612, 859 P2d 1143 (1993) describes the analysis. The court first looks to the statute's text and context. The statute's language is the starting point for this first level of analysis. That language is the best evidence of the legislature's intent. *Id.* When the statute's language is unambiguous, the court applies the unambiguous meaning. *Premier West Bank v. GSA Wholesale, LLC,* 196 Or App 640, n. 12 at 653, 103 P3d 1169 (2004).

---

[1] Plaintiff alleges its Amended Complaint contains two claims: a survival action under ORS 30.075 and a wrongful death claim under ORS 30.020. Plaintiff's supplemental memorandum does not address the timeliness of the survival action. Defendant Spokas has moved to dismiss plaintiff's survival action. Because plaintiff has alleged defendant's negligence caused plaintiff's death, plaintiff's sole remedy is a wrongful death claim. However, even if plaintiff could alternatively pursue both a survival action and a wrongful death claim, ORS 12.110(4) provides the statute of limitations and the statute of ultimate repose applicable to both claims. ORS 30.075(1) specifically provides a survival action must be commenced within the limitation established in ORS 12.110.

At this first level of analysis, statutory language is ambiguous only when there are two or more plausible interpretations. *State v. Hval,* 174 Or App 164, 168–169, 25 P3d 958 (2001), *rev den* 332 Or 559. To determine if there is an ambiguity, words of common usage are given their plain, natural and ordinary meaning. *State ex rel. Dept. of Transp. v. Stallcup,* 341 Or 93, 99, 138 P3d 9 (2006).

ORS 30.020 is unambiguous. The statute uses words of common usage. The action "shall be commenced" within 3 years after the injury is discovered or reasonably should have been discovered. ORS 30.020 then unambiguously qualifies that 3-year limitation. "In no case" may the action be commenced later than the earliest of two dates: 3 years from the death of the decedent or the longest of any other period for commencing an action "under a statute of ultimate repose that applies to the act or omission causing the injury". Under this unambiguous language, the court must determine what statute of ultimate repose applies to the act or omission causing the injury. The court must then determine whether that ultimate repose period expires before or after 3 years from the decedent's death. The earliest expiration date is the applicable statute of limitations. ORS 30.020(1).

ORS 30.020 lists several statutes of ultimate repose. Among those specifically listed are ORS 12.110(4) and ORS 12.115. Plaintiff argues ORS 12.115 applies because it is the longest period of the listed statutes. ORS 12.115 certainly provides the longest statute of ultimate repose. But ORS 30.020 requires the court to impose the longest period "that applies to the act or omission causing the injury". ORS 30.020 does not authorize a plaintiff to file within the longest ultimate repose statute in the list.

A plaintiff is not free to choose the statute of limitations that best suits his or her needs. The legislature has established statutes of limitations that apply to particular actions. When there is a conflict between a potentially general statute of limitations and a more specific statute of limitations, the court applies the more specific limitation. *Kambury v. Daimler Chrysler Corp.,* 334 Or 367, 374, 50 P3d 1163 (2002).

ORS 12.115 is the general statute of ultimate repose applicable to all negligence actions. ORS 12.110(4) is the more specific limitation applicable only to medical negligence claims. ORS 12.110(4) is that statute of ultimate repose "that applies" for purposes of ORS 30.020.

Plaintiff's argument that ORS 12.115 "applies" is illogical. If the decedent had not died, she could not have filed a timely medical malpractice action more than five years but fewer than ten years after the treatment. She could not have done so because ORS 12.110(4), not ORS 12.115, applies to medical malpractice actions. Yet plaintiff argues that because his action is one for wrongful death, a different statute of ultimate repose "applies".

ORS 30.020 does not establish a separate ultimate repose analysis. ORS 30.020 specifically adopts other applicable statutes of ultimate repose. Consequently, ORS 30.020 does not make ORS 12.115 applicable to a medical malpractice action. And ORS 30.020 does not say a party can choose the statute of ultimate repose it wants to apply. This court cannot interpret the statute as if it included that language. ORS 174.010 (In interpreting a statute, the court is not free to add what the legislature did not include.) Under ORS 30.020, a party is bound by the statute of ultimate repose "that applies". The unambiguous statutory language of ORS 30.020 does not support plaintiff's interpretation.

5 - DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S SUPPLEMENTAL
    MEMORANDUM OF LAW

(Case No. 3:06 CV-476-SU)

G:\NWP\1739-106\PLD\REP-SUPP-MEM-LAW.doc

When the court applies ORS 12.110(4) to plaintiff's action, the statute of ultimate repose ran in February 2005. That is earlier than three years after decedent's death in July 2006. Plaintiff raised the wrongful death claim after February 2005. Plaintiff's wrongful death action is not timely.

### III. BECAUSE THE STATUTE'S LANGUAGE IS UNAMBIGUOUS, LEGISLATIVE HISTORY IS IRRELEVANT.

When the legislature's intent is clear from the unambiguous statutory language, the court does not look further to determine the legislative intent. *State ex rel. Dept. of Human Resources v. Rardin,* 338 Or 399, 407, 110 P3d 580 (2005). The court may only consider legislative history if the legislature's intent is not clear at the first level of analysis. *State v. Waechter,* 163 Or App 282, 290, 986 P2d 1281 (1999). The text of ORS 30.020 is unambiguous. Therefore, the legislative history plaintiff cites is irrelevant.

### IV. LEGISLATIVE HISTORY DOES NOT SUPPORT PLAINTIFF'S ARGUMENT.

Even if this court considers legislative history, the out of context quotes plaintiff offers do not support his position.

Plaintiff quotes Scott Meyer. Plaintiff's supplemental Memorandum, p. 5. The language in that quote is ambiguous at best. But viewed in context, Mr. Meyer's statement did not address whether ORS 12.115 applied to a medical malpractice action. Mr. Meyer was responding to a question from Representative Clark. The discussion was about the wisdom of including a discovery rule in the wrongful death statute of imitations. Representative Clark asked Mr. Meyer if there were other places in statutes where a discovery date is the statute of limitations trigger. (House Committee on Judiciary, February 11, 1991 Minutes,

p. 2, line 134, Tape 35, Side A)  Mr. Meyer was not addressing the possible statutes of ultimate repose applicable to a wrongful death action.

And if Mr. Scott meant ORS 12.115 applied to a medical malpractice action, he was wrong.  ORS 12.110(4), the statute of ultimate repose specifically applicable to medical malpractice actions, has existed in its present form since 1987, 4 years before Mr. Meyer's testimony.

Plaintiff also cites an exchange involving Representative Johnson, Representative Mannix and Charles Williamson.  Plaintiff describes that exchange as a "full discussion of the application of the ultimate repose statute." Plaintiff's Supplemental Memorandum, p. 5.  Assuming the quoted testimony is a "full discussion", the testimony supports the contention the applicable statute of ultimate repose governs.  Although Representative Johnson refers to the 10-year statute of ultimate repose, none of the testimony indicates the participants were referring to a medical malpractice action.  The unambiguous language in ORS 30.020 makes it clear the 10-year ultimate repose statute is not the only ultimate repose statue the legislature contemplated.

**IV.   CONCLUSION**

This court must apply the legislature's unambiguous language.  The court is not free to interpret a statute to effect what the court believes to be a better policy.  *Godfrey v. Fred Meyer Stores,* 202 Or App 673, 676, 124 P3d 621 (2005), *rev den* 340 Or 672.  The court cannot interpret a statute in a way that the court feels meets the changing needs of society.  *Allen v. Paula Ins.,* 182 Or App 259, 263, 48 P3d 858 (2002).

The legislature enacted a statute of ultimate repose for medical malpractice actions.  By its adoption of unambiguous language, the legislature intended that

statute of ultimate repose to apply to both survival and wrongful death actions. Applying the 10-year ultimate repose provision in ORS 12.115 to a wrongful death action would nullify the medical malpractice ultimate repose statute. Nothing in the statutory scheme indicates the legislature intended to do that.

ORS 12.115 does not apply to plaintiff's wrongful death claim. ORS 12.110(4) applies to all claims based on medical negligence, whether those claims are appropriately raised as a survival action or a wrongful death claim. Plaintiff's wrongful death action is not timely.

DATED this __2nd__ day of April, 2007.

                        MAUTZ BAUM & O'HANLON, LLP

                        By:   /s/ Timothy J. O'Hanlon
                             Timothy J. O'Hanlon
                             OSB No. 87309
                             Attorneys for Defendant
                                 Frank J. Spokas, M.D.
                             (541) 276-2811

8  - DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S SUPPLEMENTAL
    MEMORANDUM OF LAW
                                       (Case No. 3:06 CV-476-SU)
   G:\NWP\1739-106\PLD\REP-SUPP-MEM-LAW.doc

RE:     SONSTENG v. THE DOMINICAN SISTERS OF ONTARIO, INC., ET AL
CASE NO.:     3:06-CV-476-SU
DOCUMENT:     DEFENDANT SPOKAS' REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW

### CERTIFICATE - TRUE COPY

I HEREBY CERTIFY that the foregoing copy of the above-named document(s) is a complete and exact copy of the original.

    MAUTZ BAUM & O'HANLON, LLP
    Attorneys for Defendant Spokas

    By:  /s/ Timothy J. O'Hanlon
    Timothy J. O'Hanlon

=====================================================================

### CERTIFICATE(S) OF SERVICE

**Electronic Filing:** I HEREBY CERTIFY that I served the above-named documents(s) on the following by electronic filing on April 2, 2007:

| | |
|---|---|
| MR BERNARD JOLLES<br>JOLLES & BERNSTEIN PC<br>721 SW OAK ST 2ND FLR<br>PORTLAND OR  97205 | Attorneys for Plaintiff Sonsteng |
| MR CARL BURNHAM JR<br>YTURRI ROSE LLP<br>89 SW 3RD AVE<br>PO BOX S<br>ONTARIO  97914 | Attorneys for Defendant Dominican Sisters of Ontario, Inc. |

**FAXING/MAILING:** I HEREBY CERTIFY that I served the above-named document(s) on the following by **FAXING AND MAILING** a **TRUE COPY** thereof, certified by me as such, contained in a sealed envelope with postage fully prepaid, addressed to the last known address and deposited in the post office at Pendleton, Oregon, on April 2, 2007:

| | |
|---|---|
| MR DAVID C LANDIS<br>ATTORNEY AT LAW<br>1515 SW 5TH AVE  #844<br>PORTLAND OR  97201 | Attorney for Defendant Boyd, M.D.<br><br>FAX NO. 503-224-5826 |

    MAUTZ BAUM & O'HANLON, LLP
    Attorneys for Defendant Spokas

    By: /s/ Timothy J. O'Hanlon
    Timothy J. O'Hanlon