IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

GLENN H. SONSTENG, Personal )
Representative of the Estate )
of EDNA M. SONSTENG, Deceased, )   Civ. No. 06-476-SU
                               )
         Plaintiff,            )
                               )   **FINDINGS AND RECOMMENDATION**
    v.                         )
                               )
THE DOMINICAN SISTERS OF       )
ONTARIO, INC., et al.,         )
                               )
         Defendants.           )

**SULLIVAN, Magistrate Judge:**

Edna Sonsteng (Mrs. Sonsteng) brought this action against Dominican Sisters of Ontario, Inc., d/b/a Holy Rosary Medical Center (hospital), Joseph J. Boyle, M.D., and Frank J. Spokas, M.D., alleging that defendants were negligent in failing to diagnose and treat her cancer. During the pendency of the lawsuit, Mrs. Sonsteng died. Her husband, Glenn H. Sonsteng (plaintiff), was appointed personal representative, and substituted as plaintiff. He filed an Amended Complaint against defendants alleging that Mrs. Sonsteng died as a result of

1 - FINDINGS AND RECOMMENDATION

defendants' negligence.

Defendants move to dismiss the Amended Complaint, contending plaintiff's claims are time-barred. Defendants also move to dismiss plaintiff's claim under the survival statute, and Spokas moves to strike plaintiff's claim for noneconomic damages in the amount of $5,000,000.

I recommend granting defendants' motions to dismiss in part and denying them in part as to the statute of limitations defense, and denying defendants' motions to dismiss the survival claim and Spokas's motion to strike the noneconomic damages claim.

## BACKGROUND

The following allegations are from the Amended Complaint. On February 24, 2000, Mrs. Sonsteng was admitted to the emergency room of defendant hospital suffering from abdominal pain. Dr. Boyle was an emergency room physician who initially evaluated plaintiff. He ordered tests to be performed, including a chest x-ray and an ultrasound.

Dr. Boyle referred Mrs. Sonsteng to Dr. Spokas, who diagnosed acute cholecystitis (inflammation of the gall bladder). Dr. Spokas prescribed a laparoscopic cholecystectomy (removal of gall bladder), which was performed.

Plaintiff alleges that defendants failed to read and evaluate the chest x-ray that Dr. Boyle ordered. The x-ray

2 - FINDINGS AND RECOMMENDATION

showed "'a 3cm pleural-based mass in the left subapical region with associated evidence of mediastinal and left hilar adenopathy. Recommend CT of the chest for further evaluation.'" Am. Compl. ¶ 4, at 4. No CT of the chest was performed, and defendants did not further evaluate Mrs. Sonsteng based upon the x-ray. She was discharged from the hospital without receiving any information about the chest x-ray.

Defendants failed to inform Mrs. Sonsteng about the chest x-ray in July, 2002.

In January, 2006, Mrs. Sonsteng discovered the cancerous tumor. By this time, the tumor had metastasized and her condition was terminal.

Mrs. Sonsteng filed the original complaint on April 5, 2006. She died on July 5, 2006, "as a direct and proximate result of the negligence of the defendants." Am. Compl. ¶ 4.

On September 14, 2006, plaintiff filed his Amended Complaint for "Medical Negligence - Survival and Wrongful Death."

Plaintiff alleges that defendants were negligent in failing to read and evaluate the chest x-ray taken on February 25, 2000; in failing to inform, advise or discuss the chest x-ray with Mrs. Sonsteng; and in failing to treat the cancerous tumor or consult an oncologist about the x-ray. Plaintiff further alleges that by failing to tell Mrs. Sonsteng about the x-ray results, defendants "impliedly represented to decedent that her chest x-ray was

3 - FINDINGS AND RECOMMENDATION

normal." Am. Compl. ¶¶ 5, 6, and 7. Because of defendants' implied representation that the x-ray was normal, Mrs. Sonsteng did not discover the cancerous tumor until January, 2006.

Plaintiff seeks damages for personal injuries to Mrs. Sonsteng and non-economic damages in the amount of $5,000,000. Plaintiff seeks additional economic damages in an unspecified amount for medical, funeral, and burial expenses. Plaintiff also seeks damages on behalf of Mrs. Sonsteng's heirs for their pecuniary loss, as well as her pain and suffering from February 24, 2000, to July 4, 2006, and medical, funeral, and burial expenses.

### STANDARDS

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must accept allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *See Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir. 1999).

In a diversity action, the law of the forum state governs the applicable statute of limitations, and this court resolves tolling issues as though it were an Oregon court. *Bancorp Leasing and Fin. Corp. V. Agusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987).

DISCUSSION

I. Defendants' Motions to Dismiss Count I

   A. Statute of Limitation and Statute of Ultimate Repose

Plaintiff contends that ORS 30.020(1), Oregon's wrongful death statute, determines the applicable statute of limitation and the statute of ultimate repose:

> The action shall be commenced within three years after the injury causing the death of the decedent is discovered or reasonably should have been discovered by the decedent, [or] by the personal representative . . . . In no case may an action be commenced later than the earliest of:
>
> (a) Three years after the death of the decedent; or
>
> (b) The longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury, including but not limited to the statutes of ultimate repose provided for in ORS 12.110(4), 12.115, 12.135, 12.137, and 30.905.

The wrongful death statute refers to ORS 12.110(4), which provides the statute of limitation and the statute of ultimate repose for medical malpractice claims:

> An action to recover damages for injuries to the person arising from any medical, surgical, or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, . . . every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered.

5 - FINDINGS AND RECOMMENDATION

The wrongful death statute also refers to ORS 12.115, which provides the statute of ultimate repose for negligence claims:

> (1) In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of.
>
> (2) Nothing in this section shall be construed to extend any period of limitation otherwise established by law including but not limited to the limitations established by ORS 12.110.

Plaintiff is correct that under Oregon law, the wrongful death statute generally determines the applicable statute of limitation. *See Baxter v. Zeller,* 42 Or. App. 873, 877, 601 P.2d 902, 904 (1979); *Eldridge v. Eastmoreland General Hospital,* 307 Or. 500, 769 P.2d 775 (1989). Therefore the statute of ultimate repose for medical malpractice claims, ORS 12.110(4), applies to wrongful death actions based on medical malpractice.

The wrongful death statute of ultimate repose provides that a plaintiff must bring an action by the earlier of two dates: either (1) three years after the decedent's death or (2) "[t]he longest of any other period for commencing an action under a statute of ultimate repose that applies to the act or omission causing the injury."  ORS 30.020(1).

Plaintiff argues that under ORS 30.020(1)(b), the **longest** statute of ultimate repose is 10 years.  *See* ORS 12.115(1) (statute of ultimate repose governing actions for negligence).

6 - FINDINGS AND RECOMMENDATION

If ORS 12.115(1) applied, the 10 years would not run until February, 2010, 10 years after the gall bladder surgery and the x-ray. The **earlier** of the two dates under ORS 30.020(1)(a) would be three years after Sonsteng's death, July, 2009. Plaintiff contends that his complaint was therefore filed well within the statute of ultimate repose.

Plaintiff's argument is flawed, however, because he relies on the statute of ultimate repose for negligence claims. Plaintiff ignores ORS 12.115(2), which specifically prohibits extending any period of limitation "otherwise established by law," including that found in ORS 12.110. This is not a simple negligence case. It is an "action to recover for injuries to the person arising from [a] medical, surgical, or dental treatment, omission or operation." ORS 12.110(4); *see Doe v. American Red Cross*, 128 Or. App. 38, 874 P.2d 828 (1994).

Under ORS 12.110(4), the statute of ultimate repose for medical malpractice claims, plaintiff should have filed the Amended Complaint by February, 2005, five years after the alleged negligence. That is the **earlier** of the two dates as required by ORS 30.020. Plaintiff's claims can survive only if the statute of ultimate repose should be tolled.

### B.  Tolling the Statute of Ultimate Repose

The operative allegations of fact are as follows: On February 24, 2000, Mrs. Sonsteng was admitted to the emergency

7 - FINDINGS AND RECOMMENDATION

room of defendant hospital with abdominal pain and gastrointestinal symptoms. Defendant Dr. Boyle examined Mrs. Sonsteng and ordered a chest x-ray. Defendant Dr. Spokas diagnosed an acute inflammation of the gall bladder and prescribed surgery to remove the gall bladder, which was performed.

Plaintiff alleges that defendants did not read, evaluate, or inform Mrs. Sonsteng of what appeared on the chest x-ray. Plaintiff also alleges that defendants failed to treat the tumor, failed to remove the tumor, and failed to advise Sonsteng to seek further treatment.

In January, 2006, the malignant tumor was discovered. On April 7, 2006, Mrs. Sonsteng brought this action against defendants, alleging that they were negligent for failing to read or evaluate the chest x-ray which showed a mass in her chest. Mrs. Sonsteng alleged in the original complaint that by failing to inform her about the results of the chest x-ray, defendants implied that the chest x-ray was normal, which was a misleading representation.

Mrs. Sonsteng died on July 5, 2006. Plaintiff filed his Amended Complaint for wrongful death alleging essentially the same facts as were alleged in the Complaint.[1]

---

[1] Plaintiff also captions the Amended Complaint as a "Survival" action, which will be discussed below.

8 - FINDINGS AND RECOMMENDATION

The Complaint was filed more than six years after Mrs. Sonsteng's treatment in defendant hospital by defendants Boyle and Spokas. As discussed above, the five-year statute of ultimate repose in ORS 12.110(4) applies from the date of the alleged treatment, omission, or operation or, if no action has been filed because of fraud, deceit or misleading representation, within two years from the date that plaintiff discovered the fraud, deceit, or misleading representation.

There are no allegations of fraud or deceit that would toll the statute of ultimate repose. However, plaintiff argues that he filed the Amended Complaint within two years of the discovery of a misleading representation, so the period of ultimate repose has been tolled and the Amended Complaint is timely.

Defendants disagree, arguing that neither the Complaint nor Amended Complaint allege sufficient facts to toll the statute of ultimate repose based upon a misleading representation. Defendants argue that the alleged nondisclosure of the results of the x-ray, which plaintiff characterizes as a misleading representation, goes to the "gravemen" of the allegations of medical malpractice and therefore does not toll the statute of ultimate repose.

A party need not make an affirmative statement to make a misrepresentation. This is particularly true here because of the special nature of the doctor-patient relationship, which imposes

9 - FINDINGS AND RECOMMENDATION

an affirmative duty on the doctor to disclose the results of diagnostic tests to his patient. *Skuffeeda v. St. Vincent Hospital and Medical Center,* 77 Or. App. 477, 483 n.3, 714 P.2d 235, 239 n.3 (1986). The issue then is whether the alleged misleading representations go to the gravamen of the specifications of negligence pleaded in the Amended Complaint.

Citing *Duncan v. Augter,* 286 Or. 723, 596 P.2d 555 (1979), defendant hospital argues that to toll the statute of ultimate repose, the misleading representation cannot be contemporaneous with the treatment at issue, and that the misleading representation must concern something other than the performance of the treatment at issue.

*Duncan* was a medical malpractice case in which a physician told the plaintiff that he had removed her appendix during gall bladder surgery. However, the physician failed to remove the entire appendix, and the plaintiff alleged injuries as a result of his "misleading" statement. The Oregon Supreme Court discussed the legislative history of ORS 12.110(4) to determine "what scope of the term 'misleading representation'" was consistent with the intent of the legislature. The court determined that "an innocent contemporaneous representation must misrepresent something other than the careful performance or the success of the very treatment or operation whose failure is the basis of plaintiff's subsequent complaint." Because the

10- FINDINGS AND RECOMMENDATION

plaintiff in *Duncan* alleged that the defendant physician was negligent in the way he had attempted to remove her appendix, and the physician made the misleading statement about that removal, the court held that the only "misleading representation" was the physician's contemporaneous statement that he had performed the act which was the basis of the complaint.

The Oregon courts have further refined "misleading representation" in determining whether the statute of ultimate repose should be tolled. In *Skuffeeda,* a loose screw from a surgical instrument became lodged near plaintiff's heart during surgery. The court held that the doctors' alleged misrepresentation that the plaintiff's post-operative x-rays showed nothing abnormal was a misleading representation under ORS 12.110(4). The court concluded that the misleading representation went to the gravamen of two of the plaintiff's specifications of negligence: that the doctors were negligent when they failed to read x-rays which showed the existence of the screw, and when they failed to advise the plaintiff about the screw. The alleged misrepresentation did not toll the five-year period of ultimate repose as to those specifications. The court concluded, however, that the misrepresentations concerning the x-rays did toll the statute as to plaintiff's specifications regarding the negligent performance of the surgery, because the misrepresentations about the post-operative x-rays did not go to

11- FINDINGS AND RECOMMENDATION

the gravamen of those specifications. *Id.; see also Jones v. Salem Hospital,* 93 Or. App. 252, 762 P.2d 303 (1988) (distinguishing misrepresentations that go to gravamen of specifications of negligence from those that do not).

Here, plaintiff alleges specifications of negligence that directly concern the defendants' failure to read, evaluate, inform each other, further evaluate, follow up, advise, or inform plaintiff's decedent regarding the chest x-ray. A further specification of negligence is the implied representation that the x-ray was normal. Am. Compl. ¶¶ 5, 6 and 7, specifications a through g. The alleged misleading representation regarding nondisclosure of the results of the x-ray goes to the gravamen of these specifications of negligence and does not toll the period of ultimate repose as to these allegations, so they must be dismissed as time-barred. *Skuffeeda,* 77 Or. App. at 483; *Jones,* 93 Or. App. 252.

However, the implied representation that decedent's x-ray was normal is a misleading representation that does not go to the gravamen of plaintiff's allegations regarding defendants' failure to treat the cancerous tumor. In addition, plaintiff alleges that defendants continued the misleading representation during post-operative care. These allegations are sufficient to toll the five-year statute of ultimate repose.

Defendants' Motions to Dismiss Count I should be granted in

12- FINDINGS AND RECOMMENDATION

part and denied in part as to plaintiff's allegations regarding defendants' failure to treat the cancerous tumor and defendants' continuing of the misleading representation during post-operative care.

## II.  Motion to Dismiss Count II

Count II of the Amended Complaint incorporates the allegations of Count I, and further alleges that defendants continued their negligence in July, 2002, when defendants received "further notice of the existence and findings of the chest x-ray taken on February 25, 2000, and, again, were negligent in failing to call these finding to decedent's attention."

Plaintiff makes no other allegations about the circumstances of defendants' receiving further notice of the findings of the chest x-ray.[2]  However, in federal court, notice pleading requires only that the pleader provide fair notice of a claim and the grounds upon which the claim rests.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The liberal pleading rules require only that the complaint sufficiently establish a basis for judgment against defendant. *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475,

---

[2] Plaintiff explains in his brief opposing the motion to dismiss that Mrs. Sonsteng went to the hospital in July, 2002, for a breast biopsy, a separate condition that warranted review of the 2000 chest x-ray.  It is unclear why plaintiff did not include these factual allegations in his Amended Complaint.

13- FINDINGS AND RECOMMENDATION

1481 (9th Cir. 1997). Here, plaintiff's Count II is sufficient to withstand the motions to dismiss.[3]

Defendants' Motions to Dismiss Count II should be denied.

### III. Motion to Dismiss the Survival Claim

Plaintiff captions his Amended Complaint, "MEDICAL NEGLIGENCE -SURVIVAL AND WRONGFUL DEATH." Defendants move to dismiss plaintiff's survival claim for failure to state a claim. Defendants argue that the original Complaint for medical malpractice was filed before Mrs. Sonsteng died, and those claims do not survive her death but are replaced by the wrongful death claims.

Plaintiff agrees that if he should prevail on the wrongful death claim, his damages under the survival statute would be subsumed in that claim. Plaintiff argues that if a jury finds that defendants did not cause the death of plaintiff's decedent, he should be able to pursue damages for plaintiff's decedent's pain and suffering under the survival statute.

Nothing in ORS 30.075 prohibits plaintiff from continuing an action for personal injury as a survival action and maintaining in the same complaint an action for wrongful death. Federal Rule

---

[3] Defendants argue that plaintiff is attempting to allege a continuing tort, which is not permitted under *Urbrick v. Suburban Medical Clinic, Inc.*, 141 Or. App. 452, 918 P.2d 453 (1996). However, plaintiff's allegations in Count II state a separate and distinct claim of negligence that occurred in July, 2002, not a continuing course of treatment.

14- FINDINGS AND RECOMMENDATION

of Civil Procedure 8(a) permits alternative and even inconsistent pleadings. *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).[4]

Defendant Spokas argues further that plaintiff's survival claim should be dismissed because it may allow plaintiff to recover noneconomic damages in excess of the cap that applies to wrongful death claims under ORS 31.710, but not to survival claims alleging negligence. *Lakin v. Senco Products, Inc.*, 329 Or. 62, 78, 987 P.2d 463, 473, *clarified on other grounds*, 329 Or. 369, 987 P.2d 476 (1999). However, as discussed above, the survival statute does not prohibit this result. Furthermore, under fair reading of plaintiff's Amended Complaint, he alleges noneconomic damages for the decedent's pain and suffering in the sum of $5,000,000 under both the survival and wrongful death statutes. Plaintiff concedes that if damages were recovered in a wrongful death action, the damages would subsume damages for the decedent's claims which survived her death.[5] Plaintiff is

---

[4] Here, there is no difference in the applicable statute of limitation because ORS 30.075 requires the commencement of the case under ORS 12.110 when the complaint is initiated by the injured person and continued by the personal representative under the section. Indeed, plaintiff argues that the determinative statute of limitation and ultimate repose is ORS 30.020. As has been previously discussed, ORS 12.110(4), referred to in the wrongful death statute, provides the statute of limitation and ultimate repose in a medical malpractice case.

[5] Plaintiff also alleges loss of society, love, companionship, support, and services in an amount in excess of $500,000. Defendants have not moved against this allegation of

15- FINDINGS AND RECOMMENDATION

permitted to allege and prove alternative claims.

Defendants' Motion to Dismiss the survival claim should be denied.

## IV.  Motion to Strike Damages in Excess of Oregon's Statutory Cap

Defendant Dr. Spokas moves to strike paragraph 8 of plaintiff's Amended Complaint, which alleges noneconomic damages in the amount of $5,000,000. The $500,000 statutory cap for noneconomic damages, found in ORS 31.710(1), applies to wrongful death claims. *Greist v. Phillips,* 322 Or. 281, 906 P.2d 789 (1995); *Hughes v. PeaceHealth*, 204 Or. App 614, 131 P.3d 798, *review allowed*, 341 Or. 140, 139 P.3d 258 (2006). Recovery under the wrongful death statute of noneconomic damages for decedent's pain and suffering would subsume the claims for noneconomic damages in a survival claim for medical negligence and be limited by the statutory cap. However, should plaintiff recover under the alternative survival theory, the statutory cap may not apply. Any recovery under the wrongful death statute over $500,000 may be reduced at trial. If, however, the recovery is not under the wrongful death statute, no cap should apply. *See Lakin*, 329 Or. 62, 987 P.2d 463. Defendant Dr. Spokas's Motion to Strike should be denied.

### CONCLUSION

Defendants' Motions to Dismiss (#38, 41, 48) should be

---

damages.

16- FINDINGS AND RECOMMENDATION

denied in part and granted in part. Defendant Dr. Spokas's Motion to Strike (#38) should be denied.

### SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due by July 10, 2007. If no objections are filed, review of the Findings and Recommendation will be under advisement on that date. If objections are filed, a response to the objections is due fourteen days after objections are filed.

DATED this 25 day of June, 2007.

_____
PATRICIA SULLIVAN
U.S. MAGISTRATE JUDGE