**David C. Landis,** OSB 62050
landis@dclandis.com
1515 SW Fifth Avenue, Suite 844
Portland OR  97201-5447
(503) 224-5680 Telephone
(503) 224-5826 Facsimile
    Attorney for Defendant Boyle

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EDNA M. SONSTENG, ) | |
| ) | |
|     Plaintiff, ) | Case No.  CV06 476 SU |
| ) | |
| v. ) | |
| ) | |
| THE DOMINICAN SISTERS OF ONTARIO, ) | MEMORANDUM IN SUPPORT OF |
| INC., an Oregon non-profit corporation, dba ) | OBJECTION TO FINDINGS |
| Holy Rosary Medical Center; JOSEPH J. ) | AND RECOMMENDATION |
| BOYLE, M.D.; and, FRANK J. SPOKAS, M.D., ) | By Defendant Boyle |
| ) | |
|     Defendants. ) | |

All of the defendants moved to dismiss the survival action,  In addition, Dr. Spokas moved to strike the allegation of noneconomic damages in excess of $500,00, relying on ORS 31.710(1), which caps at $500,000 the amount of noneconomic damages that a successful litigant may recover in a personal injury action, wrongful death action, or action for property damage.  Defendant Spokas argued that one reason that the claim under the survival statute should be dismissed is that it may allow plaintiff to recover noneconomic damages in excess of the statutory cap.

Defendant Boyle argued that the amount of noneconomic damages that are recoverable in an action under the survival statute can not exceed $500,000, citing ORS 31.710(1), distinguishing a personal injury action from an action under the survival statute, citing the rule that at common law an

PAGE 1       MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
                         OBJECTION TO FINDINGS AND RECOMMENDATION

action for personal injury abated on the death of the injured party, and arguing that ORS 31.710(1) is unconstitutional only as to actions in which the plaintiff would have a right to a jury trial in 1857 when the Oregon Constitution was adopted. *Memorandum of defendant Boyle*, pages 3-4 n 2.

Plaintiff argued that the amount of damages which plaintiff can recover can be decided after verdict, and noted that the constitutionality of the cap in a wrongful death action is presently pending before the Oregon Supreme Court. *Hughes v. Peacehealth*, 204 Or App 614, *rev allowed* 341 Or 140 (2006). Plaintiff urged the court to avoid ruling prematurely on this state law issue. *Plaintiff's opposition memorandum, page 7*.

The court acknowledged that the result posited by defendant Spokas is a possibility, and held that the survival statute "does not prohibit this result." *Findings and Recommendation*, page 15. Later, the court said:

> "[S]hould plaintiff recover under the alternative survival theory, the statutory cap may not apply\*\*\*. If\*\*\*the recovery is not under the wrongful death statute, no cap should apply. *See Lakin*, 329 Or 62, 987 P2d 463."
> *Ibid, page 16*.

No case has discussed the constitutionality of the statutory cap on noneconomic damages with respect to a claim for personal injury under the survival statute, ORS 30.075. This memorandum assumes that the court has ruled that the statutory cap on recovery of noneconomic damages in an action under the survival statute violates Article I, section 17, Oregon Constitution.[1] It is submitted that in an action under the survival statute the cap does not violate Article I, section 17 for the same reasons that the Oregon courts have held the cap valid in an action under the wrongful death statute.

---

[1]Article I, section 17 of the Oregon Constitution provides: "In all civil cases, the right of Trial by Jury shall remain inviolate."

**PAGE 2**   MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
             OBJECTION TO FINDINGS AND RECOMMENDATION

**At the time that Article I, section 17 was adopted, no right existed for a trial by jury in a wrongful death action. Thus, the statutory cap on noneconomic damages does not violate the constitutional right to a jury trial in a wrongful death action.**

*Greist v. Phillips*, 322 Or 281 (1995) was an action for wrongful death. Plaintiff contended that *former* ORS 18.560(1), the statutory predecessor of ORS 31.710(1), is unconstitutional because it deprives a plaintiff in a wrongful death action of the right to jury trial secured by Article I, section 17, Oregon Constitution.

The court rejected plaintiff's argument. It began by quoting the general rule:

> "[A] jury trial is guaranteed only in those classes of cases in which the right was customary at the time the constitution was adopted or in cases of like nature." *Greist*, 322 Or at 293, quoting *Molodyh v. Truck Insurance Exchange*, 304 Or 290, 295 (1987).

The court reiterated its previously settled understanding that in Oregon, the right of action for wrongful death is statutory, and that a wrongful death claim was not recognized at common law or under the Oregon Territorial law when Article I, section 17 was adopted in 1857. *Id.* Therefore, the court held, at the time Article I, section 17 was adopted, no right existed for a trial by jury for a wrongful death action, and *former* ORS 18.560(1) did not violate Article I, section 17. *Id.*

**At the time that Article I, section 17 was adopted, there was a right for a trial by jury in a personal injury action. Thus, the statutory cap on noneconomic damages violates Article I section 17 in a personal injury action.**

*Lakin v. Senco Products, Inc.*, 329 Or 62 (1999), was a product liability personal injury action. It was undisputed that a cause of action for personal injury was recognized at common law.

PAGE 3      MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
            OBJECTION TO FINDINGS AND RECOMMENDATION

*Lakin*, 329 Or at 69.  The court held that *former* ORS 18.560(1) violates Article I, section 17 with respect to civil actions for which the common law provided a jury trial when the Oregon Constitution was adopted in 1857.  *Lakin*, 329 Or at 82.  In so holding, the court distinguished *Greist* because of the different treatment of wrongful death and personal injury actions at common law.  *Lakin*, 329 Or at 77; *Hughes v. Peacehealth*, 204 Or App at 621.

### *Lakin v. Senco Products, Inc.* did not overrule *Greist v. Phillips*.

*Hughes* was a medical malpractice wrongful death action.  The trial court reduced the nonecomic damages to $500,000, and plaintiff appealed.  Plaintiff contended that *Lakin* had overruled *Greist*.  The Court of Appeals affirmed the trial court, holding that *Lakin* explicitly distinguished *Greist* and left its holding fully intact.  The Supreme Court allowed review, and its decision is pending.

**At the time that Article I, section 17 was adopted, no right existed for a trial by jury in an action by a personal representative for injury to the decedent which did not cause the death of the decedent.  Thus, the statutory cap on noneconomic damages does not violate the constitutional right to a jury trial in an action under the survival statute.**

At common law, an action for personal injury abated on the death of the injured party.  *Schleiger v. Northern Terminal Co.*, 43 Or 4, 10 (1903); *Cowgill v. Boock*, 189 Or 282, 288 (1950).  "Abatement" as used in this context means that the action is "utterly dead."  *Mendez v. Walker*, 277 Or 602, 603 n 1 (1975).

In 1862, after the Oregon Constitution was adopted, the legislature adopted a statute which provided that a cause of action for personal injury abates on the death of the injured party.  Section 365,

Title VI, Chapter IV, Deady Code (1862).[2]  Section 365 was declaratory of the common law.  *Schleiger*, 43 Or at 10.  Section 365 was the predecessor of *former* ORS 121.010, which was repealed in 1965 in the same act which enacted the first version of ORS 30.075.  Or Laws 1965, ch 620 §§ 1, 3 and 4.

Accordingly, at common law a personal representative did not have a remedy for injury to the decedent which did not cause the death of the decedent.  Therefore, at the time that Article I, section 17 was adopted, no right existed for a trial by jury for an action for injury to the decedent which did not cause the death of the decedent.  Accordingly, ORS 31.710(1) does not violate Article I, section 17.

       s/ David C. Landis
David C. Landis, OSB No. 62050
(503) 224-5680
Attorney for Defendant Boyle

---

[2]Section 365, Title VI, Chapter IV, Deady Code (1862) provided:  "A cause of action arising out of an injury to the person dies with the person of either party except as provided in section 367.***."  The cause of action provided for in section 367 was the newly enacted action for wrongful death.

PAGE 5      MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
                  OBJECTION TO FINDINGS AND RECOMMENDATION

## CERTIFICATE OF SERVICE

        I certify that I served the foregoing MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF TO FINDINGS AND RECOMMENDATION on:

Bernard Jolles
Jolles & Bernstein PC
721 SW Oak Street, 2nd Floor
Portland OR  97205-3791
**Facsimile No. 503-228-0836**
        ATTORNEYS FOR
        FOR PLAINTIFF

Carl Burnham, Jr.
Yturri Rose, LLP
PO Box S
Ontario OR  97914-
**Facsimile No. 541-889-2432**
        ATTORNEYS FOR
        DEFENDANT HOLY ROSARY MEDICAL CENTER

Timothy J. O'Hanlon
Mautz Baum & O'Hanlon LLP
PO Box 628
Pendleton, OR  97801-0628
**Facsimile No. 541-276-0543**
        ATTORNEYS FOR
        DEFENDANT SPOKAS

on July __9__, 2006:  via electronic filing and regular U.S. Mail, contained in a sealed, postage-paid envelope, addressed to counsel of record as shown above, and deposited with the Port Office at Portland, Oregon on said date.

                                              s/David C. Landis
                                   David C. Landis, OSB No. 62050
                                   (503) 224-5680
                                   Attorney for Defendant Boyle

PAGE 6       MEMORANDUM OF DEFENDANT BOYLE IN SUPPORT OF
                OBJECTION TO FINDINGS AND RECOMMENDATION