**Bernard Jolles**, OSB #63939
berniej@jollesbernstein.com
**Candice Rutter**, OSB #02520
candicer@jollesbernstein.com
JOLLES & BERNSTEIN, P.C.
721 S.W. Oak Street, 2nd Floor
Portland, Oregon 97205-3791
Telephone: 503.228.6474
Facsimile: 503.228.0836
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLENN H. SONSTENG, Personal Representative of the Estate of EDNA M. SONSTENG, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE DOMINICAN SISTERS OF ONTARIO, INC., an Oregon non-profit corporation, dba **HOLY ROSARY MEDICAL CENTER**; **JOSEPH J. BOYLE, M.D.**, and **FRANK J. SPOKAS, M.D.**,<br><br>Defendants. | Civil No. 2:06-CV-476-SU<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION |

### I.  RESPONSE TO ARGUMENT OF DEFENDANTS BOYLE AND HOLY ROSARY

Defendants Joseph J. Boyle ("BOYLE") and The Dominican Sisters of Ontario, Inc.,

dba Holy Rosary Medical Center ("HOLY ROSARY") claim that plaintiff's noneconomic damages

are limited to $500,000 under ORS 31.710(1). BOYLE claims that because "an action for personal injury abated on the death of the injured party," there was no right to a jury trial for a survival claim at the time Article I, section 17 of the Oregon Constitution was adopted. Boyle Memo. p. 4. Thus, he claims, ORS 31.710(1), as applied to survival actions, does not violate Article I, Section 17.

As BOYLE stated, *Lakin v. Senco Products, Inc.*, 329 Or. 62 (1999), held it is "undisputed that a cause of action for personal injury was recognized at common law." Boyle Memo. p. 3, *citing Lakin*, 329 Or. at 69. Therefore, *Lakin* held that a cap on a personal injury case violated the constitution.

The jury trial guarantee applies not only to common law claims in existence at the time the constitution was adopted, but also to other actions "of like nature." *See Molodyn v. Truck Ins. Exch.*, 204 Or. 290, 295, 744 P.2d 992 (1987) (*citing Cornelison v. Seabold*, 254 Or. 401, 404-405, 460 P.2d 1009 (1969); *State v. 1920 Studebaker Touring Car, et al*, 120 Or. 254, 259, 251 P 201 (1927); *Tribou v. Strowbridge*, 7 Or. 156, 158 (1879).). Not only is a survival action of "a like nature" to a personal injury action, it s a personal injury action. The underlying claim is one based on "injuries to a person."[1]

ORS 30.075 is a procedural statute which changed the rule so that a personal injury claim, which existed at common law, was no longer abated upon the death of the injured party. This differs in one major way from the wrongful death statute, upon which BOYLE draws a comparison - <u>there was no claim at all for wrongful death previously</u>. The personal injury claim

---

[1] Under ORS 30.075, "[c]auses of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representative of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission."

Page 2 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO
         DEFENDANTS' OBJECTION TO FINDINGS AND RECOMMENDATION

did exist; its continuation procedurally was the only thing that was altered. Thus, just as in *Lakin*, it is unconstitutional to limit the recovery in a survival claim.

Furthermore, ORS 30.075 does not specifically cap recovery in a survival action. Defendant cannot simply add such a provision into the statute when it was not included by the legislature. *See Portland General Electric Co. v. Bureau of Labor & Industries*, 317 Or. 606, 859 P.2d 1143 (1993).

ORS 30.075(3) states:

"If an action for wrongful death under ORS 30.020 is brought, recovery of damages for disability, pain, suffering, and loss of income during the period between injury to the decedent and the resulting death of the decedent may only be *recovered in the wrongful death action* . . ." Emphasis added.

There is no language stating that recovery in a survival action is limited by a $500,000 statutory cap. This is similar to the situation noted in *Roe v. Pierce*, 102 Or. App. 152, 794 P.2d 4 (1990), vacated on jurisdictional grounds, 313 Or. 228, 832 P.2d 1226 (1992), where the court permitted the plaintiff's representative to maintain both a survival and wrongful death cause of action. *Id*. The court in *Roe* discussed the argument that nowhere in the statute did it state that the filing of a wrongful death action automatically eliminates the survival action. *Roe*, 102 Or. at 157. The court noted that neither ORS 30.020 nor ORS 30.075 contained an express limitation of one type of claim over another, and stated that if the legislature intended differently they could have said so. *Id*. The legislature was aware of the decision in *Roe* when it amended the statute, and it did not change *Roe*.

To sum up, the only way there is a cap on the damages recoverable in this survival action claim is through ORS 31.710. The only portion of ORS 31.710 that can apply to this action

Page 3 - MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO
         DEFENDANTS' OBJECTION TO FINDINGS AND RECOMMENDATION

is the portion capping damages for "bodily injury." If this is a "bodily injury" claim, which merely continues after the death of the plaintiff, then it is unconstitutional under *Lakin* and Article I, Section 17 because "bodily injury" claims were "recognized at common law."

The legislature simply did not provide a cap for survival actions under ORS 30.075(1). The court should not now permit defendants to add one.

## II.   RESPONSE TO ARGUMENT OF DEFENDANT SPOKAS

Defendant Frank J. Spokas ("SPOKAS") claims, once again, that plaintiff should not be permitted to maintain a survival claim along with a wrongful death claim, and, therefore, the survival claim should be dismissed. SPOKAS also claims that because the only remaining claim is for wrongful death, to which the statutory cap of $500,000 on noneconomic damages should apply, the court should strike any damages pleaded in excess of that amount.

This point was fully briefed and argued before the court and was correctly decided in favor of the plaintiff. The Federal Rule of Civil Procedure 8(a) permits alternative and inconsistent pleadings. Rule 8(a) is applicable. *See KV Pharmaceutical Co. v. Medecor Pharma, LLC*, 354 F.Supp.2d 682 (2003) (*citing Ferrero v. Assoc. Materials Inc.*, 923 F2d 1441, 1448 (11th Cir 1991).). ("[F]ederal courts are required to apply the federal rules of civil procedure to the exclusion of any contrary state procedure as long as the rule is both constitutional and within the scope of the rules' enabling act."). Thus, plaintiff may plead both a wrongful death claim and a survival claim and the courts ruling is proper.

SPOKAS argues that this court ignored the plain language of ORS 30.075 when it made its findings and recommendations. Spokas Memo. pp. 2-3. However, there is nothing in the

text of ORS 30.075 prohibits a survival action from being maintained when a wrongful death claim is made. That is the unambiguous reading of the ORS 30.075, and as stated earlier, SPOKAS cannot simply add such a provision into the statute when it was not included by the legislature. *See Portland General Electric Co. v. Bureau of Labor & Industries*, 317 Or. 606, 859 P.2d 1143 (1993). This is especially true, when, as SPOKAS points out, the legislature was aware of the result in *Roe*, wherein the court permitted both causes of action to be maintained.

Additionally, as argued by plaintiff in Plaintiff's Memorandum in Opposition to Defendants' Motions to Dismiss Amended Complaint p. 7, the constitutionality of the wrongful death cap is before the Oregon Supreme Court in *Hughes v. Peacehealth*, 204 Or. App. 614, 131 P.3d 798 (2006), *rev. granted*, 341 Or. 140. Thus, the pleading for damages in excess of the statutory cap should not be struck in the event that this cap is overturned and plaintiff is allowed to recover fully.

## CONCLUSION

Defendants' motions should be denied.

Dated: July 12, 2007

JOLLES & BERNSTEIN, P.C.

_____
Bernard Jolles, OSB #63039
Candice Rutter, OSB #02520
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2007, I served the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATION** on:

| | |
|---|---|
| Carl Burnham, Jr.<br>Yturi Rose LLP<br>P. O. Box "S"<br>Ontario OR 97914 | BY HAND ___<br>U.S. MAIL _X_<br>FED.X ___<br>BY FAX ___ |

Attorneys for Defendant Hospital

| | |
|---|---|
| Timothy J. O'Hanlon<br>Mautz Baum & O'Hanlon, LLP<br>P. O. Box 628<br>Pendleton OR 97801-0628 | BY HAND ___<br>U.S. MAIL _X_<br>FED.X ___<br>BY FAX ___ |

Attorneys for Defendant Spokas

| | |
|---|---|
| David C. Landis<br>Attorney at Law<br>1515 S.W. 5th Ave #844<br>Portland OR 97201 | BY HAND ___<br>U.S. MAIL _X_<br>FED.X ___<br>BY FAX ___ |

Attorneys for Defendant Boyle

by the means, and at the addresses, indicated.

JOLLES & BERNSTEIN, P.C.

_____
Bernard Jolles, OSB #63039
Candice Rutter, OSB #02520
of Attorneys for Plaintiff

- CERTIFICATE OF SERVICE