UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLENN M. SONSTENG, Personal
Representative of the Estate of Edna M.
Sonsteng, Deceased,

        Plaintiff,                              ORDER

        v.                                       Civil No. 06-476-SU

DOMINICAN SISTERS OF ONTARIO,
INC., a Oregon non-profit corporation
d/b/a Holy Rosary Medical Center; M.D.
JOSEPH J. BOYLE, and M.D. FRANK J.
SPOKAS

        Defendants.

---

HAGGERTY, Chief Judge:

      Magistrate Judge Sullivan referred to this court a Findings and Recommendation [78] in this matter. The Findings and Recommendation recommends that defendants' Motions to Dismiss [38, 41, 48] be denied in part and granted in part, and that defendant Spokas' Motion to

1    - ORDER

Strike [38] be denied. Defendants filed timely objections, and plaintiff responded. The court has performed a de novo review, evaluated the Findings and Recommendation, the objections, and the entire record. After this review, the court adopts the Findings and Recommendation.

## DISCUSSION

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a de novo review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). There has been no objection to the factual summary in the Findings and Recommendation, and it will not be repeated here.

Defendant Spokas objects to the finding that "[n]othing in ORS 30.075 prohibits plaintiff from continuing an action for personal injury as a survival action and maintaining in the same complaint an action for wrongful death." Findings and Recommendation at 14. All defendants also object to the finding that "should plaintiff recover under the alternative survival theory, the statutory cap may not apply. Any recovery under the wrongful death statute over $500,000 may be reduced at trial. If, however, the recovery is not under the wrongful death statute, no cap should apply." *Id.* at 16.

The Findings and Recommendation noted correctly that "Federal Rule of Civil Procedure 8(a) permits alternative and even inconsistent pleadings." *Id.* at 14-15. Notwithstanding this clear dictate of federal pleading law, defendants argue that the Oregon survival action statute, Oregon Revised Statute (O.R.S.) § 30.075, bars pleading a survivor action for medical malpractice and a wrongful death claim in the same complaint. "In interpreting a statute, the court's task is to discern the intent of the legislature. To do that, the court examines both the text and context of the statute." *Portland Gen. Elec. Co. v. Bureau of Labor & Indust.*, 859 P.2d 1143, 1145-46 (Or. 1993) (citations omitted). Thus, the court looks to the text of O.R.S. §

30.075:

> (1) Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within the limitations established in ORS 12.110 by the injured person and continued by the personal representatives under this section, or within three years by the personal representatives if not commenced prior to death.
> (2) In any such action the court may award to the prevailing party, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees.
> (3) Subsection (2) of this section does not apply to an action for damages arising out of injuries that result in death. If an action for wrongful death under ORS 30.020 is brought, recovery of damages for disability, pain, suffering and loss of income during the period between injury to the decedent and the resulting death of the decedent may only be recovered in the wrongful death action, and the provisions of subsection (2) of this section are not applicable to the recovery.

Defendants argue that the reference to wrongful death actions in subsection (3) should be read to preclude bringing concurrent survivor and wrongful death claims. The language of subsection (3) is directed specifically to the attorney fees provision in subsection (2) and does not lend itself to defendants' expansive interpretation. To the contrary, the language suggests that both wrongful death and survivor claims *may* exist in the same matter, and clarifies that if there is a verdict for a plaintiff under the wrongful death statute, the fee-shifting provisions of O.R.S. § 30.075 are inapplicable. Concurrent survivor and wrongful death claims at the pleading stage allow for the possibility that actionable negligence caused harm to a decedent before death, but was not the ultimate cause of death. Nothing in the plain language of O.R.S. § 30.075 suggests an intent to preclude pleading this in the alternative.

Nor does the statutory history provide support for defendants' theory. *See Portland Gen.*

3       - ORDER

859 P.2d at 1146 ("If, but only if, the intent of the legislature is not clear from the text and context inquiry, the court will then move to the second level, which is to consider legislative history to inform the court's inquiry into legislative intent") (citation omitte). Subsection (3) was added by Senate Bill 385, which was passed by the Oregon Legislature in 1995. During hearings before the Senate Judiciary Subcommittee on Civil Process, Committee Counsel Max Williams made at least two statements about the intent of the amendment. On April 24, 1995, he stated that the amendment was to "make clear that . . . subsection [(2) (attorney fee shifting)] does not apply to an action for damages arising out of injuries that result in death . . . . This was to resolve the problem that existed where actions under the survival statute were being brought in conjunction with wrongful death claims as a means of recovering attorney fees." S. Judiciary Subcomm. on Civ. Process (Tape 44, side A, April 24, 1995) (comments of Max Williams). The May 1, 1995, minutes paraphrase his subsequent comments as reiterating "[t]he idea is that we are trying to break the practice of pleading a survival statute case with wrongful death cases in means of recovering attorney fees." S. Judiciary Subcomm. on Civ. Process (May 1, 1995) (minutes). These comments suggest that the legislative intent with regards to subsection (3) was to foreclose attempts to use the fee shifting provisions of the survivor statute in the context of wrongful death recovery.

The Findings and Recommendation correctly characterizes the potential interplay between survivor and wrongful death verdicts. Because both theories of liability are viable at the pleading stage, there is no basis to strike the prayer for non-economic damages. Once a determination has been made on whether the alleged malpractice was the cause of death, the court will be able to determine the interplay between the wrongful death and survival claims and the statutory constraints applicable to each theory of liability.

## CONCLUSION

The court adopts the Findings and Recommendation [78]. Defendant's Motions to Dismiss [38, 41, 48] are granted in part and denied in part. Defendant Spokas' Motion to Strike [38] is denied.

IT IS SO ORDERED.

DATED this 9 day of October, 2007.

                                              Ancer L. Haggerty
                                          United States District Judge