Timothy J. O'Hanlon, OSB No. 87309
MAUTZ BAUM & O'HANLON, LLP
101 SE BYERS AVE
PO BOX 628
PENDLETON OR 97801-0628
Telephone: (541) 276-2811
Fax:       (541) 276-0543
E-mail:   mbo@mautzetal.com
    Attorneys for Defendant Frank J. Spokas, Jr., M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLENN H. SONSTENG, Personal Representative of the Estate of EDNA M. SONSTENG, Deceased,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE DOMINICAN SISTERS OF ONTARIO, INC., an Oregon non-profit corporation, dba HOLY ROSARY MEDICAL CENTER; JOSEPH J. BOYLE, M.D., and FRANK J. SPOKAS, M.D.,<br><br>　　　　　Defendants. | Civil No. 3:06-CV-476-SU<br><br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT |

　　　Dr. Spokas' summary judgment motions are based on the ORS 12.110(4) statute of ultimate repose. This court has previously addressed the statute's application in the context of defendants' motions to dismiss. The court's ruling was based on the sufficiency of plaintiff's allegations as a matter of law. Because the defendants filed motions to dismiss, no party offered any evidence in support of its statute of limitations arguments.

Page    1 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS'
           MOTION FOR SUMMARY JUDGMENT           (Case No. 3:06CV-476-SU)
           G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

Since the court's ruling on defendants' motions, the parties have taken numerous depositions and have presented their revised allegations in a Pretrial Order. Additionally, since the court's ruling plaintiff has added an allegation that was not included in his Amended Complaint when the court ruled. Dr. Spokas' summary judgment motions are based on the court's prior ruling and the facts the depositions reveal. Because this court's prior ruling did not address whether the evidence supported plaintiff's allegations, the court has not previously addressed the issues defendant's summary judgment motions raise.

I.  **SUMMARY JUDGMENT STANDARD**

A party is entitled to summary judgment if the pleadings, depositions, admissions and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P 56(c). There is no genuine issue of material fact unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

On summary judgment, the court views the underlying facts in a light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The court resolves all reasonable doubts regarding the existence of genuine issues of material fact against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976).

The court also draws all reasonable inferences in favor of the nonmoving party. *U.S. v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999). When different inferences may reasonably be drawn from the undisputed facts, summary judgment

/ / /

Page 2 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT   (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

is improper. *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 988 (9th Cir. 2006).

## II.   MOTION 1 – ALLEGED FAILURE TO DIAGNOSE DECEDENT'S TUMOR.

After this court ruled on defendants' motions to dismiss, plaintiff added the following allegation of negligence:

> "The defendants and each of them were negligent in at least one of the following particulars:
>
> a. Failed to diagnose that decedent was suffering from a malignant tumor…"

The court has not previously addressed whether the ORS 12.110(4) statute of ultimate repose bars the new allegation. However, the court previously held the statute of ultimate repose bars similar allegations.

In ruling on defendants' previous motions, this court dismissed all allegations of negligence that "…directly concern the defendants' failure to read, evaluate, inform each other, further evaluate, follow up, advise, or inform plaintiff's decedent regarding the chest x-ray." Findings and Recommendation p. 12. More specifically, this court dismissed plaintiff's Amended Complaint allegations in ¶ 7 (a) – (g). Id. The court held the statute of ultimate repose barred allegations that Dr. Spokas failed to read or evaluate decedent's chest x-ray, (Amended Complaint, ¶ 7a), failed to obtain a radiological consultation to further evaluate the x-ray, (Amended Complaint, ¶ 7c) and failed to obtain an oncological consultation in order to follow up and treat the mass in decedent's chest, (Amended Complaint, ¶ 7f). Findings and Recommendation, p. 12. These dismissed allegations all relate to Dr. Spokas' alleged negligent failure to diagnose decedent's tumor.

/ / /

Page 3 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

The newly added allegation is no different from those the court has already dismissed. Even though plaintiff does not mention the x-ray, the allegation that Dr. Spokas failed to diagnose plaintiff's tumor is an allegation of negligence that directly concerns Dr. Spokas' failure to read and evaluate the decedent's x-ray. Dr. Spokas could not have diagnosed the decedent's tumor if he did not read and evaluate the x-ray or the report thereof. Declaration of Frank J. Spokas, M.D., ¶4; 5.

Based on this court's prior ruling, Dr. Spokas is entitled to judgment as a matter of law. The statute of ultimate repose bars the Pretrial Order allegation at paragraph 4.a.(9)(a).

### III. MOTION 2 – ALLEGED FAILURE TO ADVISE DECEDENT TO SEEK FURTHER TREATMENT FOR HER TUMOR.

Plaintiff alleges Dr. Spokas negligently "failed to advise decedent to seek further treatment and evaluation of her tumor". This allegation was included in plaintiff's Amended Complaint when the court ruled; however, the court's prior ruling did not specifically address it. Even if this allegation was sufficient to survive a motion to dismiss, the court's prior ruling bars the allegation because plaintiff cannot establish a negligent failure to advise without proving negligence related to the chest x-ray.

The decedent came to the emergency room with gallbladder disease. Spokas Declaration, ¶ 3. Nothing about decedent's condition could have alerted Dr. Spokas that decedent had a lung tumor. Spokas Declaration, ¶¶ 3; 4. He could not have diagnosed decedent's tumor without the chest x-ray or report thereof. Spokas Declaration, ¶ 4. Consequently, Dr. Spokas could not have advised decedent to seek further evaluation of her tumor without reading the chest x-ray or report thereof and advising her of the chest x-ray results. Spokas Declaration, ¶ 5. Like

Page 4 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

the allegation at paragraph 4.a.(9)(a), the Pretrial Order allegation at paragraph 4.a.(9)(d) directly concerns "defendants' failure to read, evaluate, inform each other, further evaluate, follow up, advise, or inform plaintiff's decedent regarding the chest x-ray." Findings and Recommendation, p. 12.

This court previously dismissed the allegation that Dr. Spokas "failed to advise, inform, or in any way discuss with decedent, the findings on her chest x-ray of February 25, 2000". Amended Complaint, ¶ 7(e). Because Dr. Spokas could not have advised decedent to seek treatment for her tumor without knowing about the chest x-ray or report thereof, the dismissed allegation is nearly identical to the allegation that Dr. Spokas "failed to advise decedent to seek further treatment and evaluation of her tumor". The statute of ultimate repose bars the Pretrial Order allegation at paragraph 4.a.(9)(d) as a matter of law.

**IV.   MOTION 3 – FAILURE TO TREAT AND REMOVE DECEDENT'S TUMOR.**

Plaintiff alleges Dr. Spokas "failed to treat decedent's tumor" and "failed to surgically remove decedent's tumor". This court's prior ruling did not dismiss these allegations in plaintiff's Amended Complaint. The court held allegations that Dr. Spokas failed to treat decedent's tumor were sufficient to survive a motion to dismiss. The court's ruling only addressed the sufficiency of the allegations. The court did not address whether plaintiff could offer any evidence to support the allegations without reference to the chest x-ray.

Plaintiff cannot prove Dr. Spokas negligently failed to treat or remove decedent's tumor without proving Dr. Spokas' negligence regarding the chest x-ray. Based on this court's prior ruling, the ORS 12.110(4) statute of ultimate repose

/ / /

Page   5 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS'
MOTION FOR SUMMARY JUDGMENT   (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

bars all negligence allegations and Dr. Spokas is entitled to judgment as a matter of law.

### A. SUMMARY OF ARGUMENT

Plaintiff must prove Dr. Spokas' conduct caused the claimed injuries. This court has held the statute of ultimate repose bars allegations of negligence that directly concern the failure to read and follow up on the x-ray. Plaintiff cannot prove Dr. Spokas negligently failed to treat or surgically remove decedent's tumor without proving he negligently failed to read and follow up on the x-ray. Because plaintiff cannot establish factual causation without proving negligence related to the x-ray, Dr. Spokas is entitled to judgment as a matter of law.

### B. NO MATERIAL FACTS ARE IN DISPUTE.

Only genuine issues regarding a material fact can preclude summary judgment. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, supra,* 809 F.2d at 630. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Id.* The substantive law applicable to the claim determines whether a fact is material. *Id.*

The substantive law applicable to Dr. Spokas' summary judgment motion is the statute of ultimate repose at ORS 12.110(4). Because this court has determined ORS 12.110(4) bars allegations that directly concern Dr. Spokas' failure to read, evaluate and follow up on decedent's x-ray, the legal issue is whether plaintiff's allegations "directly concern" that failure. The factual issue is whether plaintiff can prove Dr. Spokas negligently failed to treat or remove decedent's tumor without reference to decedent's chest x-ray.

/ / /

Page    6 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS'
MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

There was conflicting deposition testimony regarding whether Dr. Spokas or another hospital physician ordered the x-ray. There was also conflicting deposition testimony regarding whether the x-ray report was ever delivered to Dr. Spokas. However, neither evidentiary conflict creates a genuine issue of material fact. The sole question for purposes of the statute of ultimate repose is the relationship between the misleading representation and the allegation of negligence. When the representation goes to the gravamen of the negligence allegation, ORS 12.110(4) bars the negligence allegation. *Jones v. Salem Hospital,* 93 Or App 252, 262, 762 P2d 303 (1988), *rev den* 307 Or 514.

In this case, the alleged misleading representation is that decedent's chest x-ray was normal. If that representation goes to the gravamen of the allegations Dr. Spokas failed to treat and remove decedent's tumor, ORS 12.110(4) bars the allegations.

C. **BASED ON DEPOSITION TESTIMONY, ALL NEGLIGENCE ALLEGATIONS GO TO THE GRAVAMEN OF PLAINTIFF'S COMPLAINT.**

   **1. Plaintiff Must Offer Evidence That Dr. Spokas' Conduct Caused The Injuries Claimed.**

To prevail on his negligence claim, plaintiff must prove a causal link between Dr. Spokas' conduct and the injuries plaintiff claims. *Oregon Steel Mills, Inc. v Coopers & Lybrand, LLP,* 336 Or 329, 340, 83 P3d 322 (2004). Proof of causation requires evidence that but for Dr. Spokas' negligence, plaintiff would not have been harmed. *Joshi v. Providence Health System of Oregon Corp.,* 198 Or App 535, 538-39, 108 P.3d 1195 (2005), *aff'd.* 342 Or 152. Plaintiff must show that plaintiff's injuries, as a factual matter, would not have occurred "but for" Dr.

Page 7 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT   (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

Spokas' conduct. *Wallach v. Allstate Ins. Co.*, 206 Or App 137, 143, 135 P3d 404 (2006), *aff'd.* 344 Or 314.

### 2. Plaintiff Cannot Prove Causation Without Proving Dr. Spokas Negligently Failed To Read And Evaluate The X-ray.

Plaintiff's allegations that Dr. Spokas negligently failed to treat and remove decedent's tumor require plaintiff to preliminarily prove Dr. Spokas negligently failed to read and evaluate decedent's chest x-ray. Dr. Spokas treated decedent as an emergency room patient with gallbladder disease. Spokas Declaration, ¶ 3. There is no evidence decedent came to the emergency room complaining of any lung problem or lung tumor. Spokas Declaration, ¶ 3. The only way Dr. Spokas could have suspected the tumor was if he had read the x-ray report. Spokas Declaration, ¶ 4. During the time he treated decedent, the only evidence that could have alerted Dr. Spokas that decedent had a tumor was the x-ray report. Spokas Declaration, ¶ 4. As a matter of law Dr. Spokas' negligence could only have caused plaintiff's injury if Dr. Spokas negligently failed to follow up on and evaluate the x-ray or report thereof.

The statute of ultimate repose bars allegations of negligence that directly concern defendant's failure to evaluate and follow up on the chest x-ray or report thereof. Because plaintiff's allegations require proof of a negligent act the statute of limitations bars, the statute of limitations bars the allegations plaintiff failed to treat and remove decedent's tumor.

/ / /

/ / /

/ / /

Page 8 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

### D. THE CONTINUING TREATMENT IN MARCH AND APRIL DOES NOT EXTEND THE STATUTE OF ULTIMATE REPOSE.

#### 1. Contemporaneous Statements That Go To The Gravamen Of Plaintiff's Negligence Allegations Do Not Extend The Statute Of Ultimate Repose.

Plaintiff does not allege Dr. Spokas made an intentional or fraudulent misrepresentation. Plaintiff's tolling argument is based on an innocent representation.

ORS 12.110(4) does not extend the statute of ultimate repose when an innocent misleading representation is both contemporaneous and goes to the gravamen of the negligence allegations. *Duncan v. Augter*, 286 Or 723, 732, 596 P2d 555 (1979).

#### 2. This Court Has Not Addressed Whether The March And April Post-Operative Care Was Contemporaneous With The February Surgery.

This court's prior ruling addressed whether the misleading representation went to the gravamen of plaintiff's negligence allegations. Although the ruling mentions the contemporaneousness requirement in summarizing *Duncan* and *Skuffeeda v. St. Vincent Hosp. & Medical Center*, 77 Or App 477, 714 P2d 235 (1986), *rev den* 301 or 240, this court's prior ruling did not specifically discuss the standard Oregon appellate decisions apply to determine whether a representation is contemporaneous. (Findings and Recommendation, pp. 10-11).

The court did, however, point out that plaintiff alleged "defendants continued the misleading representation during the post-operative care". Findings and Recommendation, p. 12. The court allowed plaintiff to proceed on allegations "regarding defendants' failure to treat the cancerous tumor and defendants'

Page 9 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

continuing of the misleading representation during post-operative care". Findings and Recommendation, p. 13.

In the Pretrial Order, plaintiff has not alleged Dr. Spokas continued the misleading representation. Additionally, at the time this court ruled on the motions to dismiss, there was no evidence regarding when the post-operative treatment occurred or whether Dr. Spokas had any knowledge about the x-ray when he saw plaintiff's decedent for post-operative treatment.

When the court ruled, the Amended Complaint allegations were arguably sufficient to survive a motion to dismiss. However, in light of deposition testimony and Dr. Spokas' Declaration, Dr. Spokas is entitled to judgment as a matter of law. Under the relevant standard, any alleged misleading representation during post-operative care was contemporaneous with the February treatment.

### 3. A Continued Representation Remains Contemporaneous Unless The Physician Knows Or Has Reason To Know New Information.

*Jones v. Salem Hosp., supra,* 93 Or App at 266 establishes the standard to determine whether a representation is contemporaneous by describing when contemporaneousness ends. The court states:

> "Contemporaneousness ends when the maker of the representation knows or has reason to know information which he did not have at the time of the negligently performed procedure or its immediate aftermath and which reasonably indicates that something in the performance of or related to the procedure went wrong." 93 Or App at 266.

Under the *Jones* standard, plaintiff cannot extend the statute of ultimate repose based on a post-operative representation unless Dr. Spokas either knew or had reason to know new or additional information during the post-operative treatment that he did not have when he performed surgery in February. Because

Page 10 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

the alleged misleading representation concerns the x-ray results, the new information must relate to the chest x-ray.

### 4. Dr. Spokas Did Not Know About The X-Ray When He Provided Post-Operative Care In March and April.

Dr. Spokas' post-operative treatment of decedent occurred on March 8, 2000 and April 6, 2000. Spokas Declaration, ¶ 6. The only purpose of the post-operative treatment was to follow up on decedent's surgery. Spokas Declaration, ¶ 6. These visits were a continuation of decedent's gallbladder treatment. Spokas Declaration, ¶6. Dr. Spokas did not see the decedent for any treatment after April 6, 2000. Spokas Declaration, ¶ 6.

Dr. Spokas did not see or treat decedent for a possible tumor at any time. Spokas Declaration, ¶ 7. There is no evidence Dr. Spokas acquired any knowledge of the chest x-ray between the surgery in February and the post-operative follow-up care that ended April 6, 2000. Dr. Spokas did not see or review the x-ray or report thereof when he saw decedent for her surgical follow-up in March and April 2000. Spokas Declaration, ¶ 7. Neither the chest x-ray nor the x-ray report was in his office patient file for decedent. Spokas Declaration, ¶ 7.

### 5. Dr. Spokas Had No Reason To Know About The Chest X-ray When He Signed The Coding Summary Report For Insurance Billing Purposes.

On March 31, 2000, Dr. Spokas signed a Coding Summary Report. Spokas Declaration, ¶ 8. By signing the document, he certified "that the narrative descriptions of the principal and secondary diagnoses and the major procedures performed are accurate and complete to the best of my knowledge". Spokas Declaration, ¶ 10; Declaration, Exhibit A. By signing the Coding Summary Report, Dr. Spokas certified that the diagnosis of Cholelithiasis with acute cholecystitis was

Page 11 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT   (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

a correct diagnosis related to plaintiff's decedent's treatment. Spokas Deposition, p. 33, lines 2-25; Spokas Declaration, ¶ 10.

The Coding Summary Report is prepared for the purpose of billing a patient's insurance. Spokas Declaration, ¶ 8. Dr. Spokas' signature on the report means he read the report, the report principal and secondary diagnoses are accurate and the report major procedures are the ones he performed on the decedent to his knowledge. Spokas Deposition, p. 34, lines 14-23; Spokas Declaration, ¶ 10.

It is not Dr. Spokas' practice to review a patient's chart when he signs the Coding Summary Report. Spokas Declaration, ¶ 9. Dr. Spokas had performed decedent's surgery approximately one month before signing the Coding Summary Report. Spokas Deposition, p. 34, lines 8-9. Signing the Coding Summary Report without reviewing decedent's chart was appropriate under the relevant standard of care. Spokas Declaration, ¶ 9.

Dr. Spokas had no reason to review the decedent's entire chart when he signed the Coding Summary Report. Spokas Declaration, ¶ 9; Spokas Deposition, p. 35, line 24. If he had no reason to review the decedent's entire chart, Dr. Spokas would have had no reason to come across the chest x-ray or the chest x-ray report. Therefore, Dr. Spokas would not have had any reason to know of any information he did not have in February when he performed decedent's gallbladder surgery.

### 6. Any Alleged Misleading Representation During Post-operative Care Was Contemporaneous With The Decedent's Initial Treatment.

Any alleged March or April misleading representation is exactly the same misleading representation that occurred in February. The facts in this case are not like those in *Skuffeeda v. St. Vincent Hosp. & Medical Center, supra,* 77 Or

Page 12 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS'
MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

App 477 where new information came to the physician's attention during the continuation of treatment. In *Skuffeeda,* post-operative x-rays revealed a screw near plaintiff's heart. The *Skuffeeda* defendant did not inform plaintiff of the post-operative x-ray results.

There was no post-operative procedure in this case. Dr. Spokas did not know about and had no reason to know about the chest x-ray when he provided post-operative care. Consequently, any March or April misleading representation was contemporaneous with the February treatment.

Because any potential March or April misleading representation is the same as the February representation, the court should apply the same analysis it applied to the February treatment. The February representation goes to the gravamen of plaintiff's allegations of negligence because plaintiff cannot establish causation without proving negligence related to reading and advising plaintiff's decedent of what the x-ray depicted.

V.   **MOTION 4 – DR. SPOKAS' FAILURE TO DISCLOSE THE X-RAY DID NOT MISLEAD DECEDENT.**

   A.   **DECEDENT MUST HAVE RELIED ON THE REPRESENTATION.**

ORS 12.110(4) extends the statute of ultimate repose when a defendant's misleading representation causes plaintiff to delay filing an action until after 5 years from treatment. ORS 12.110(4) tolls the 5 year statute of ultimate repose if plaintiff did not commence the action "because of ... misleading representation". A misleading representation for purposes of ORS 12.110(4) is one that misleads the plaintiff. *Jones v. Salem Hospital, supra,* 93 Or App at 260.

In order to be misleading, a representation must have some relationship to the plaintiff's knowledge or awareness of the facts constituting the claim. *Jones,* 93

13 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS'
MOTION FOR SUMMARY JUDGMENT        (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

Or App at 263. A defendant's representation delays the running of ORS 12.110(4) only if the representation actually misleads the plaintiff and causes the plaintiff not to pursue the claim until she discovers the misrepresentations. *Duncan v. Augter*, 62 Or App 250, 258, 661 P2d 83 (1983), *rev den* 295 Or 122.

### B. IF THERE IS NO EVIDENCE DECEDENT KNEW SHE HAD A CHEST X-RAY IN 2000, DECEDENT COULD NOT HAVE BEEN MISLED AND ORS 12.110(4) BARS THE ACTION.

Plaintiff alleges defendant "misleadingly misrepresented to decedent and her family that the x-ray was normal." The alleged misleading representation in this case was a failure to inform decedent of the chest x-ray results. PTO ¶ 4.a.(6);(7). To be protected by the ORS 12.110(4) tolling, decedent must have relied on Dr. Spokas' failure to inform her of the x-ray results. *Duncan, supra,* 62 Or App at 258.

If decedent was not aware there had been a chest x-ray, she could not have assumed the x-ray she didn't know about was normal. If decedent did not know there was a chest x-ray, decedent did not delay bringing her action because no one told her the x-ray results. In that case, the statute of ultimate repose bars the action.

### C. ALLEGED REPRESENTATIONS TO A FAMILY MEMBER ARE IRRELEVANT.

Although plaintiff alleges defendant made a misleading representation to both decedent and her family, any alleged representation to decedent's family members is irrelevant. This court previously determined there was a representation for purposes of ORS 12.110(4) based on a physician's duty to inform a patient of test results. Findings and Recommendation, pp. 9-10. *Skuffeeda, v. St. Vincent Hosp.and Medical Center, supra,* 77 Or App at 483 n. 3 specifically held a physician has an affirmative duty to inform a patient of test results.

Page 14 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

However, *Skuffeeda* did not hold a physician has a duty to inform family members of those results. In fact, federal legislation protects the privacy of patient information. *See* 42 USC 1320d, Health Insurance Portability and Accountability Act of 1996. *See also Tucson Women's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004), (individuals have a constitutionally protected privacy interest in avoiding the disclosure of medical information).

If a physician has no duty to inform a family member of test results, the failure to inform a family member cannot be a misleading representation that tolls the statute of ultimate repose.

### D. FAMILY MEMBER'S KNOWLEDGE OF THE X-RAY IS IRRELEVANT.

The fact that a family member knew decedent had a chest x-ray is not evidence that decedent knew about the x-ray. The only evidence relevant to toll the statute of ultimate repose is admissible evidence relevant to prove decedent knew she had a chest x-ray.

The statute of ultimate repose is only tolled if <u>the person entitled to bring the action</u> does not file within 5 years because of the misleading representation. ORS 12.110(4). When decedent filed her personal injury action, decedent's family had no cause of action to pursue. Therefore, any alleged misleading representation to a family member could not toll the statute of ultimate repose.

### E. THE PERSONAL REPRESENTATIVE'S KNOWLEDGE IS IRRELEVANT.

Decedent's husband testified in deposition that he knew about the x-ray. The fact that decedent's husband has alleged wrongful death damages does make any representation to him or another family member relevant.

///

Page 15 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS'
MOTION FOR SUMMARY JUDGMENT     (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

Plaintiff filed her personal injury action on April 7, 2006, more than 5 years after her treatment in 2000. That action continues after her death. ORS 30.075(1). The additional claim for wrongful death damages merely continues the decedent's cause of action because the claim is based on the same operative facts as decedent's personal injury action. *Doe v. American Red Cross,* 128 Or App 38, 42-43, 874 P2d 828 (1994), *aff'd.* 322 Or 502. The personal representative's wrongful death damages claim is timely only if decedent's original claim was timely. *Id.*

Because the timeliness of the wrongful death damages claim depends on the timeliness of decedent's personal injury action, the only statute of ultimate repose question is whether plaintiff delayed too long in filing her personal injury action. Because decedent's family did not have any claim against defendants at that time, the only relevant alleged representation is the one to decedent. If decedent could not avoid the statute of ultimate repose in her survival action, the personal representative cannot avoid it in his wrongful death damages claim.

### F. THERE IS NO DIRECT EVIDENCE DECEDENT KNEW SHE HAD A CHEST X-RAY IN 2000.

Based on deposition testimony, no witness has any personal knowledge whether the decedent knew a chest x-ray was taken. There is no direct testimony from decedent although she was alive at the time this proceeding was filed.

Decedent's husband testified in deposition that he knew about the x-ray but he did not know whether decedent knew. Deposition of Glenn Sonsteng, p. 25, lines 18-24. He did not testify he and decedent talked about the chest x-ray. Decedent's husband did not offer any evidence from which it can be inferred decedent knew about the chest x-ray. No other deponent testified regarding decedent's knowledge of the chest x-ray.

Page 16 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

The only two family members present in the emergency room with decedent were her husband Glenn Sonsteng and her daughter Diana Crumb. Diana Crumb testified she has no personal knowledge whether the decedent was taken to radiology for a chest x-ray. Deposition of Diana Crumb, p. 23, line 25 – p. 24, line 9. No one told her there had been a chest x-ray. Crumb Deposition, p. 24, lines 13-23. Diana Crumb never had a conversation with her mother about the x-ray. Crumb Deposition, p. 37, lines 21-23. Decedent did not inform her daughter she had an x-ray. Crumb Deposition, p. 37, lines 16-17. Diana Crumb has no personal knowledge of whether decedent was aware she had a chest x-ray in 2000. Crumb Deposition, p. 37, lines 11-23.

Another of decedent's daughters, Julia Harrison, didn't know before 2006 that her mother had a chest x-ray in 2000. Deposition of Julia Harrison, p. 17, lines 23-25. Consequently, Ms. Harrison is unable to testify that her mother knew there had been a chest x-ray.

Dr. Fiorentino is the physician who ultimately told decedent about the 2000 chest x-ray. Deposition of Larry Fiorentino, M.D., p. 47, lines 6-9. Dr. Fiorentino testified he was the one that told decedent in 2006 that there was something present before that had become a larger area. Id. When Dr. Fiorentino delivered that news, decedent was surprised. Fiorentino Deposition, p. 47, lines 13-14. Decedent did not indicate she knew about the 2000 chest x-ray. Fiorentino Deposition, p. 48, lines 7-9. Decedent did not say she had relied on the fact that the earlier chest x-ray showed nothing abnormal. Fiorentino Deposition, p. 47, lines 13-25; p. 48, lines 1-6.

/ / /

17 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT   (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

FRE 602 requires personal knowledge to support a witness' admissible testimony. The direct testimony is undisputed. No deponent testified he or she had personal knowledge decedent knew about the 2000 chest x-ray. Additionally, no deponent testified he or she had a conversation with decedent that indicated decedent knew about the x-ray.

### G. THERE IS NO PERMISSIBLE INFERENCE DECEDENT KNEW SHE HAD A CHEST X-RAY.

The non-moving party is entitled to all reasonable inferences from the evidence. *U.S. v. Shumway, supra,* 199 F.3d at 1103-1104. However, to create a genuine issue of material fact, an inference must have a sufficient evidentiary basis to create a triable issue of fact for the jury. *Nat'l. Industries, Inc. v Republic Nat. Life Ins. Co.,* 677 F.2d 1258, 1267 (9th Cir. 1982).

A jury is permitted to draw only those inferences of which the evidence is reasonably susceptible. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978), *U.S. cert den* 440 U.S. 981. A jury may not resort to speculation. *Id.* Speculation is not evidence sufficient to create a genuine issue of material fact sufficient to preclude summary judgment. *Karam v. City of Burbank,* 352 F.3d 1188, 1194 (9th Cir. 2003). In this case, the deposition testimony does not permit a reasonable inference that decedent knew she had a chest x-ray. The inference is too speculative.

Diana Crumb testified decedent was alert, but "very sick" when the hospital staff took her to surgery. Crumb Deposition, p.36, lines 15-16. The chest x-ray was taken on the way to surgery. Deposition of Joseph Boyle, M.D., p. 22, lines 3-7.

/ / /

Page 18 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT    (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com

A jury might reasonably infer that decedent knew she was having some medical procedure. However, in order to toll the statute of ultimate repose, the decedent must have known she had a chest X-ray. The decedent was being taken to surgery to remove her gallbladder. In light of that fact, it would be reasonable to infer the decedent knew she was having some medical procedure related to that gallbladder surgery. But there is no evidentiary basis to infer the decedent knew she had a chest x-ray. The jury could only make that inference by speculating, which is not permitted.

Because there is no evidence sufficient to create a genuine issue of material fact regarding decedent's reliance on the representation, ORS 12.110(4) bars plaintiff's claims. Dr. Spokas is entitled to judgment as a matter of law.

DATED this 14 day of January, 2009.

MAUTZ BAUM & O'HANLON, LLP

_____
Timothy J. O'Hanlon, OSB 87309
Attorneys for Defendant
Frank J. Spokas, M.D.
(541) 276-2811

Page 19 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SPOKAS' MOTION FOR SUMMARY JUDGMENT   (Case No. 3:06CV-476-SU)
G:\NWP\1739-106\PLD\MEM-LAW-MOT-SJ.doc

MAUTZ BAUM & O'HANLON, LLP
Attorneys at Law
101 S.E. Byers
P.O. Box 628
Pendleton OR 97801-0628
Telephone: (541) 276-2811
Fax: (541) 276-0543
E-mail: mbo@mautzetal.com