IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLENN H. SONSTENG, Personal Representative of the Estate of EDNA M. SONSTENG, Deceased,<br><br>        Plaintiff,<br><br>    v.<br><br>THE DOMINICAN SISTERS OF ONTARIO, INC., an Oregon non-profit corporation, dba Holy Rosary Medical Center, JOSEPH J. BOYLE, M.D., and FRANK J. SPOKAS, M.D.<br><br>        Defendants. | Civ. No. 06-476-SU<br><br>OPINION AND ORDER |

SULLIVAN, Magistrate Judge:

      Edna Sonsteng ("Mrs. Sonsteng") brought this action against Dominican Sisters of Ontario, Inc., d/b/a Holy Rosary Medical Center ("Hospital"), Joseph J. Boyle, M.D., and Frank J. Spokas, M.D., alleging that defendants were negligent in failing to diagnose and treat her cancer. During the pendency of the lawsuit, Mrs. Sonsteng died. Her husband, Glenn H. Sonsteng ("plaintiff"), was

Page 1 - OPINION AND ORDER

appointed personal representative, and substituted as plaintiff. He filed an Amended Complaint against defendants alleging that Mrs. Sonsteng died as a result of defendants' negligence.

Previously, defendants moved to dismiss the Amended Complaint, contending plaintiff's claims were time-barred, which the court granted, in part, and denied, in part.[1] *See Sonsteng v. Dominican Sister of Ontario, Inc.*, CV No. 06-476-SU, 2007 WL 2984002 (D.Or. Oct. 10, 2007) (Order adopting Magistrate Judge's Findings and Recommendation). Plaintiff filed a Second Amended Complaint, alleging two counts of negligence against all defendants. Subsequently, defendants Dr. Boyle and Hospital were dismissed pursuant to a Rule 41.1 motion filed by plaintiff. *See Sonsteng v. Spokas*, CV No. 06-476-SU (D.Or. Sept. 3, 2008) (Judgment of Dismissal).

Pending is defendant's Motion for Summary Judgment and plaintiff's Motion for to Leave to File Supplemental Declaration of Bernard Jolles. Oral argument was heard and, for the reasons set forth below, defendant's request for summary judgment is denied, and plaintiff's request to supplement is granted.[2]

### FACTUAL BACKGROUND

On February 24, 2000, Mrs. Sonsteng was admitted to the emergency room of the Hospital suffering from abdominal pain. Dr. Boyle was an emergency room physician who initially evaluated Mrs. Sonsteng. The Hospital staff took a chest x-ray and an ultrasound. Dr. Boyle admitted that the

---

[1] Defendants also filed a motion to dismiss plaintiff's claim under the survival statute, and defendant's motion to strike plaintiff's claim for noneconomic damages. Both of those motions were denied. *See Sonsteng v. Dominican Sisters of Ontario, Inc.*, CV No. 06-476-SU, 2007 WL 2984002 (D.Or. Oct. 10, 2007) (Order adopting Magistrate Judge's Findings and Recommendation).

[2] In accordance with Rule 73(a) of the Federal Rules of Civil Procedure, the parties have consented to the magistrate judge conducting all proceedings in this case, including a trial.

x-ray was ordered while Mrs. Sonsteng was under his care. (Bernard Jolles Decl. Ex. A at 4, Feb. 12, 2009.)

Dr. Boyle referred Mrs. Sonsteng to Dr. Spokas, who diagnosed acute cholecystitis (inflammation of the gall bladder). Dr. Spokas prescribed a laparoscopic cholecystectomy (removal of gall bladder), which was performed. On the way to surgery, an x-ray was taken of Mrs. Sonsteng's chest.

The x-ray revealed "a 3cm pleural-based mass in the left subapical region with associated evidence of mediastinal and left hilar adenopathy. Recommend CT of the chest for further evaluation." It also noted "no evidence of acute cardiopulmonary disease." (Jolles Decl. Ex. G at 2.) The parties do not dispute that no CT of the chest was performed, that defendants did not further evaluate Mrs. Sonsteng based upon the x-ray, and that she was discharged from the hospital without receiving any information about the chest x-ray.

The Hospital policy sets forth the procedure for distribution of reports of diagnostic tests to treating physicians. (Jolles Decl. Ex. E at 2-3, 12.) Under the Hospital policy, copies of radiology reports are distributed to the "ordering, attending or other requesting physicians." (*Id.*)

Dr. Spokas' discharge notes included a diagnosis of "probable chronic obstructive pulmonary disease" ("COPD"). (Jolles Decl. Ex. F at 10-11.) He recommended that Mrs. Sonsteng take oxygen at home and that she consult an internist for her COPD. (*Id.* at 10.) On February 25, 2000, Dr. Spokas wrote a letter to J. Lawrence Stoune, M.D., referring Mrs. Sonsteng to Dr. Stoune for COPD. Dr. Spokas indicated that Mrs. Sonsteng was a "long-term smoker" and had recommended that she use oxygen at home. (Jolles Decl. Ex. F at 12.) The record further shows that Mrs. Sonsteng

declined to take oxygen at home. (Jolles Decl. Ex. F at 10, 12.) There is no evidence in the record that Mrs. Sonsteng ever consulted Dr. Stoune for COPD.

Dr. Spokas examined Mrs. Sonsteng on March 8, 2000, and again on April 6, 2000, for post-operative care related to the gall bladder surgery. The chest x-ray taken at the time Mrs. Sonsteng was admitted to the hospital emergency room with gall bladder problems was not in Dr. Spokas' office patient file. (Frank Spokas Decl. ¶ 6, Jan. 14, 2009.) In his deposition testimony Dr. Spokas stated that "[a]t no time did I receive that chest x-ray report in any form." (Jolles Decl. Ex. F at 6.) Additionally, Dr. Spokas stated that he did not see or treat Mrs. Sonsteng for a possible lung tumor at anytime. (Spokas Decl. ¶ 7.) On March 31, 2000, Dr. Spokas signed a Coding Summary Report which indicated a diagnoses of "CHR AIRWAY OBSTRUCT NEC, . . . TOBACCO USE DISORDER . . . ."[3] (Jolles Decl. Ex F at 9.) Dr. Spokas certified that the principal and secondary diagnoses in the Coding Summary Report were accurate and complete. (*Id*.)

In January 2006, Mrs. Sonsteng's cancerous tumor was discovered. By this time, the tumor had metastasized and her condition was terminal. Mrs. Sonsteng filed her Complaint on April 5, 2006. Plaintiff alleges that she died on July 5, 2006, "as a result of the negligence of the defendants." Specifically, plaintiff claims that defendant was negligent in failing to diagnose Mrs. Sonsteng was suffering from a malignant tumor; to treat the tumor; to surgically remove the tumor; and to advise Mrs. Sonsteng to seek further treatment and evaluation of the tumor. Plaintiff further alleges that by failing to tell Mrs. Sonsteng about the x-ray results, defendant "impliedly represent[ed] to her that there were no abnormalities or any conditions in her chest x-ray which

---

[3] This document was prepared for submission to the patient's insurance company.

Page 4 - OPINION AND ORDER

needed to be further evaluated." Because of defendant's implied representation that the x-ray was normal, Mrs. Sonsteng did not discover the cancerous tumor until January 2006.

Plaintiff seeks damages for personal injuries to Mrs. Sonsteng and non-economic damages in the amount of $5,000,000. Plaintiff seeks additional economic damages in an unspecified amount for medical, funeral, and burial expenses. Plaintiff also seeks damages on behalf of Mrs. Sonsteng's heirs for their pecuniary loss and for her pain and suffering between February 24, 2000, and July 4, 2006, and for medical, funeral, and burial expenses.

*Discussion*

I.   Plaintiff's Motion to For Leave to Supplement

   A.   Legal Standard

Rule 601 of the Federal Rules of Evidence requires the district court to follow the locality rule when presented with the testimony of out-of-town medical experts who testify as to the appropriate standard of care for local physician defendants. The Oregon locality rule regarding medical malpractice cases states that physicians have "the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians . . . and surgeons in the same or similar circumstances in the community of the physician . . . and surgeon or a similar community." Or. Rev. Stat. § 677.095. Out-of-town experts must show "'knowledge of what is proper conduct by practitioners in the community or a similar community under circumstances similar to those confronted by the defendant.'" *Jerden v. Amstutz*, 430 F.3d 1231, 1235 (9th Cir. 2006) (quoting *Creasy v. Hogan*, 292 Or. 154, 167, 637 P.2d 114 (1981)).

Neither the district court nor the opposing party may unfairly deprive plaintiff of the opportunity to lay a foundation to support their evidence. *Id*. at 1237. The district court may not exclude evidence before trial without allowing the parties to lay a foundation for its admission. *Id*.

B.    Analysis

In opposition to defendant's motion for summary judgment, plaintiff filed the declaration of his expert Craig R. Nichols, M.D., addressing the standard of care to be applied to defendant. In his reply, defendant objected to the admissibility of that evidence on the ground that a proper foundation had not been laid for Dr. Nichols' testimony as an expert regarding the standard of care of a surgeon in defendant's position. Plaintiff sought leave to supplement the record with Dr. Nichols' deposition testimony that he has worked with community practitioners, specialists and primary care doctors in Oregon with respect to the diagnosis and treatment of cancer, including smaller communities; that the standard of care in Ontario, Oregon, regarding the treatment of lung cancer would be the same as the standard of care in other communities in the State of Oregon; and that he had experience treating patients from rural communities. (Jolles Supplemental Decl. Ex. A at 3-4.)

The court finds that the motion to supplement the record is timely and demonstrates the expert opinion satisfies the requirements of Rule 56(e); namely, that the testimony is competent and that there is a factual basis for the expert's opinion. *See* Fed. R. Civ. P. 56(e). Moreover, the proffered testimony is sufficient to lay the foundation for Dr. Nichols' testimony. *See Jerden*, 430 F.3d at 1235. Plaintiff's request for leave to supplement the record to lay the proper foundation for the expert's opinion is granted.

II.     Defendant's Motion for Summary Judgment

    A.     Legal Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. *Robi v. Reed*, 173 F.3d 736, 739 (9th Cir. 1999).

The substantive law governing a claim or defense determines whether a fact is material. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g. Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990).

    B.     Analysis

Defendant seeks summary judgment on plaintiff's allegations that defendant negligently failed: 1) "to diagnose that decedent was suffering from a malignant tumor;" 2) "to advise decedent to seek further treatment and evaluation of her tumor;" and 3) "to treat" and "to surgically remove decedent's tumor." Defendant argues that those claims of negligence are barred by the statute of ultimate repose, Or. Rev. Stat. § 12.110(4), as applied in this court's previous rulings on the question

of whether plaintiff's claims are time barred.[4]  In addition, defendant contends that he did not breach the applicable standard of care in his treatment Mrs. Sonsteng.  According to defendant there are no material issues of disputed fact and judgment should be entered as a matter of law against plaintiff's negligence claims.

       1. Application of Or. Rev. Stat. § 12.110(4)

Defendant contends that all of plaintiff's specifications of negligence are barred by the Oregon statute of ultimate repose for medical malpractice claims.  The Oregon statute provides that a plaintiff must bring an action "within five years from the date of the treatment, omission or operation upon which the action is based."  Or. Rev. Stat. § 12.110(4).  However, if a plaintiff fails to bring an action within five years "because of fraud, deceit, or misleading representation," plaintiff must then bring the action within two years from the date he or she discovered, or in the exercise

---

[4]Previously, the court dismissed certain allegations in plaintiff's Amended Complaint as barred by Or. Rev. Stat. § 12.110(4), Oregon's statute of ultimate repose for wrongful death based on medical malpractice.  *See Sonsteng v. Dominican Sisters of Ontario, Inc.,* CV No. 06-476-SU, 2007 WL 2984002, at *7-8 (D. Or. June 25, 2007)  The court found that defendants' alleged misrepresentations that the x-ray was normal related to the gravamen of plaintiff's allegations of negligence with respect to defendants' failure to: 1) read the x-ray; 2) request the results of the x-ray; 3) obtain a radiological consultation to evaluate the x-ray; 4) follow up the x- ray with CT scans and other tests; 5) advise Mrs. Sonsteng of results of the x-ray; 6) obtain an oncological follow-up and treat the mass in Mrs. Sonsteng's chest; and the implied representation to Mrs. Sonsteng that her chest x-ray was normal.  Accordingly, the allegations of negligence regarding the x-ray were contemporaneous with the alleged  misrepresentation regarding the x-ray and, therefore, barred by section 12.110(4) as interpreted by Oregon courts.  *See Duncan v. Augter*, 286 Or. 723, 596 P. 2d 555 (1976); *Skuffeeda v. St. Vincent Hospital and Medical Center*, 77 Or. App. 477, 483 n.3, 714 P. 2d 235 (1986); *Jones v. Salem Hospital*, 93 Or. App. 252, 762 P. 2d 303 (1988).
       The court found, however, that the implied misrepresentation that the x-ray was normal did not go to the gravamen of plaintiff's allegations regarding the failure to treat Mrs. Sonsteng's tumor, nor to the continued misleading representations during her post-operative care.  The alleged misrepresentation did toll the statute regarding those specifications of negligence.  *See Sonsteng,* 2007 WL 2984002 at *8.

Page 8 - OPINION AND ORDER

of reasonable care should have discovered, the fraud, deceit or misleading representation. *Id*. Here, it is undisputed that Mrs. Sonsteng filed her Complaint more than six years after her treatment with defendant. Thus, the timeliness of her claim turns on whether plaintiff may invoke the exception for a plaintiff who delays filing due to fraud, deceit or a misleading representation.

Defendant need not make an affirmative statement in order to make a misleading representation within the meaning of the tolling provision of section 12.110(4). *See Skuffeeda v. St. Vincent Hosp. and Medical Center*, 77 Or. App. 477, 483, 714 P.2d 235 (1986). Rather, because a doctor has an affirmative duty to disclose the results of a diagnostic test, the failure to do so may constitute a representation that the test showed nothing abnormal. *See id*. at 483 & n.3. As this court previously determined in its ruling on the motion to dismiss, defendant's alleged failure to disclose the results of Mrs. Sonsteng's chest x-ray constituted a misrepresentation within the meaning of section 12.110(4).

A plaintiff seeking to invoke the tolling provision of the statute must show that defendant was responsible for the misleading representation, *Duncan v. Augter*, 286 Or. 723, 731, 596 P.2d 555 (1979), and that the representation have some relationship to plaintiff's knowledge or awareness of the facts constituting the claim. *See Jones v. Salem Hosp.*, 93 Or. App. 252, 263, 762 P.2d 303 (1988).

Defendant contends that the tolling provision of section 12.110(4) does not apply here because the alleged misrepresentation that invokes the provision, i.e., the failure to disclose the results of Mrs. Sonsteng's chest x-ray, forms the basis of all of plaintiff's specifications of negligence. Defendant contends that he could not have diagnosed or treated Mrs. Sonsteng without

reviewing the x-ray. In such a case the alleged negligence would be contemporaneous with the misleading representation and the tolling provision would not apply. *Jones*, 93 Or. App. at 262.

In support of his request for judgment, defendant submitted his deposition testimony that he did not receive or read the x-ray report at any time and contends he could not have diagnosed or treated Mrs. Sonsteng's tumor without reference to the x-ray. Defendant also explains that there could be no reliance on the misrepresentation because Mrs. Sonsteng was unaware that her x-ray was being taken. Defendant argues that plaintiff's decedent must have known about the x-ray in order for there to be the requisite reliance on the misrepresentation.

Plaintiff contends that defendant's alleged negligence in failing to diagnose, treat or surgically remove the tumor and in failing to advise Mrs. Sonsteng to seek treatment did not necessarily arise from defendant's failure to read the x-ray because he could have diagnosed her cancer by other means. Plaintiff contends that the alleged failure to diagnose the tumor is a separate act of negligence from his failure to read the x-ray and is therefore not contemporaneous with the failure to read the x-ray. Plaintiff's position is that the misleading representation did toll the statute because the specifications of negligence are separate and distinct from the failure to read the x-ray.

In support, plaintiff submitted the Hospital's policy regarding the distribution of the x-ray report and the testimony of Dr. Boyle and other Hospital staff that the x-ray was ordered prior to surgery and that under Hospital policy, the report would have been submitted to the attending physicians. Plaintiff also submitted evidence that Mrs. Sonsteng was awake (while very ill) during the procedure and, therefore, knew about the x-ray. That she did not seek treatment for the tumor is enough to raise a fact question about her reliance on the doctors' misleading representation that

Page 10 - OPINION AND ORDER

the x-ray did not reveal any problems.

Plaintiff's allegations and evidence of misleading representation and Mrs. Sonsteng's reliance on the representation are adequate for his claims of negligence to withstand the motion for summary judgment on statute of limitation grounds. Plaintiff has presented enough evidence to show a material factual dispute on the applicability of the tolling provision of section 12.110(4), independent of the merits of plaintiff's negligence claims. *See Jones*, 93 Or. App. at 265. Defendant's request for judgment against plaintiff's claims on the ground they are barred by Oregon's statute of ultimate repose is denied.

### 2. Breach of Applicable Standard of Care

Defendant moves for summary judgment based on the ground that plaintiff cannot prove any allegations of negligence without reference to defendant's alleged failure to read the chest x-ray and, consequently, there can be no factual dispute regarding the cause of plaintiff's injuries. Defendant argues that proof of causation requires that but for his alleged negligence in failing to read the x-ray, plaintiff would not have been harmed.

Plaintiff contends that defendant was negligent in failing to diagnose and treat the tumor in Mrs. Sonsteng's lung. Plaintiff contends that the allegations of negligence with regard to diagnosis and treatment are separate from the misleading representation and that there is sufficient evidence to present a jury question regarding defendant's negligence apart from his failure to read the x-ray. As stated above, there are factual questions about defendant's alleged misrepresentation sufficient to preclude summary judgment on that issue. Likewise, fact issues remain regarding the causal connection between defendant's alleged negligence regarding diagnosis and treatment of Mrs. Sonsteng and her death from lung cancer.

In a medical malpractice case, plaintiff must present evidence that there is a "reasonable medical probability" that a defendant's negligence caused harm to plaintiff. *See Joshi v. Providence Health System of Oregon*, 198 Or. App. 535, 544, 108 P.3d 1195 (2005), *aff'd by* 342 Or. 152, 149 P.3d 1164 (2006); *Horn v. National Hospital Association*, 169 Or. 654, 679, 131 P.2d 455 (1942). Here, plaintiff's expert declared that defendant failed to diagnose Mrs. Sonsteng's tumor based on the medical record which showed that decedent was at risk for lung problems as a heavy smoker with a diagnosis of COPD. Dr. Nichols opined that "based upon reasonable medical probability" had the tumor been diagnosed in February 2000, it was probable that the slow-growing tumor appropriately treated at that time would have likely resulted in a cure. (Craig R. Nichols Decl. ¶¶ 3-4, Feb. 9, 2009.). There are factual questions whether defendant breached the standard of care is set forth in Or. Rev. Stat. § 677.095, and whether defendant's alleged negligence caused Mrs. Sonsteng's death in July 2006. Defendant's request for judgment as a matter of law on the ground that he did not breach the standard of care is denied.

*Conclusion*

Based on the foregoing, defendant's Motion for Summary Judgment (doc. #106) is DENIED; and plaintiff's Motion for Leave to File Supplemental Declaration of Bernard Jolles (doc. #122) is GRANTED.

Dated this 28th day of May 2009.

IT IS SO ORDERED

      /s/ Patricia Sullivan
     Patricia Sullivan
  United States Magistrate Judge